Freeman, J.,
delivered the opinion of the Court.
This is a • petition filed by Letty Miller, widow of W. C. Miller, deceased, and of Mary Miller, the only child of said Miller, a minor, who sues by said Letty *725 Miller as next friend, in County Court of Hardeman county.
The object of the petition was to set aside the probate of the will of said W. C. Miller, which had been had in common form, and have the same certified to Circuit Court for a contest on an issue devis-amt vel non.
This petition was filed 29th of May, 1869, and makes John Miller, a brother of the deceased, a party, praying process against him.
. summons was .issued and regularly served on him, commanding him to appear at June Term of County Court and. answer the petition.
, The petition alleges that W. C. Miller was insane at the time of making the supposed will, and did not know the purport of the will.
2. That he did not possess sufficient mental capacity to make a will.
3. That he was induced to make it by fraud and undue influence.
The petition further states, that John Miller, the defendant, and it. F. Jarmon, each applied at May Term, 1869, before County Court of Hardeman county, and asked to be appointed administrator of the said Miller, and that Court granted the administration to Jarmon; that an appeal was taken from this action of County Court to Circuit Court, which was still pending. It • appears, from petition, that John Miller is the only adult legatee under said will. The prayer of the petition is, that Miller be summoned, etc., and case be transferred to Circuit Court for contest.
*726 The defendant, John Miller, appeared at June Term, and filed four pleas, which may well be denominated special pleas. The first is, that the said Letty is entitled to dissent from the provisions of her husband’s will, by Code, s. 2404, and be endowed, etc., and, therefore, could not contest the will; and that she had no right to use the name of her infant child Mary in this petition, because the child will get more by the will than in case of intestacy, and the petition is against the interest of the child.
2. That the said Letty is estopped, because at May Term, 1869, she was notified to object to appointment of John Miller as administrator, with will annexed of W. C. Miller, and she asked the Court to appoint Jarmon, etc., whereby she affirmed it was the will of W. C. Miller.
3. Because, at June Term, 1869 — the Term at which the pleas were filed — the said Letty Miller had dissented from her husband’s will, because it did not make a satisfactory provision for her, and had asked and obtained of the County Court the appointment of commissioners to set apart for herself a year’s support as provided by law.
It is also insisted, by way of plea, that John Miller was not legally served with process; and that one Watkins, a legatee under the will, and John Miller’s minor children, were not made parties.
To these pleas there were replications filed at length, which we need not notice, as we are of opinion that the pleas as filed were not the proper mode of presenting the objections they are intended to present.
*727 The object of the proceeding is simply to set aside the probate, and have the will certified to the Circuit Court for contest on an issue devisavit vel non. A. petition has been held to be the proper mode of doing this as laid down by this Court in case of Cornwell v. Cornwell, 11 Hum., 487, following the North Carolina practice, as given in case of Harvey v. Smith, 1st Devr. & Batt. Law R., 188. Our statutes, however, do not prescribe this as the mode of presenting the question before County Court, but we think it a proper and convenient practice in such cases.
The Court say, in 11 Hum., 487, “the petition should state the interest of the plaintiff, and the facts upon which he relies to set aside the probate, and re-propound the will; the executor being summoned, should make his defense by answer to the petition, and thus the nature of the contest will appear, in this as in other cases, by their pleadings, and the Court be the better able to determine it.”
We hold that this simple mode of raising the issues to be presented to the County Court is the proper one, where it is to arise on facts of the case to be made out by proof. The tribunal before which this contest is to be had, is not from its composition adapted to the decisions of the various questions that may arise out of the niceties of special pleading, but may well decide upon a simple issue of fact as presented succinctly, as all pleadings should do, in the form of an answer. As a matter of course, if the petition does not show the right of the party on its face, it would be open to a demurrer. We hold, *728 however, the proper practice to be, that defenses to the petition, other than a demurrer, must be presented by way of answer to the same, and not by complicated pleadings, such as we find in this record.
We will treat the matter of these pleas, as an answer, and proceed to examine it, as a defense to the petition.
The first proposition is, that the widow has the right by provisions of the Code, to dissent from the will, and be endowed, as in case of intestacy. This certainly of itself, would not under the present • state of our law show she had no interest in contesting the will, because by dissenting she takes, in case of only one child, one-third of the personalty, and dower in the realty, by virtue of act of 1859-60, p. 2. In case of intestacy, by sec. 2429 of Code, she would take a child’s part, or one of half of the personalty and dower in realty.
The second matter presented is, that she was es-topped, because at May Term, 1869, she was notified to object to the appointment of John Miller, as administrator with will annexed of W. C. Miller, and asked the Court to appoint R. F. Jarmon, in his place, whereby she affirmed it was the will of W. C. Miller.
We do not think this ought or can have this effect. The will had already been probated in common form, and an expression of preference as between two parties seeking the administration of her husband’s estate, does not necessarily affirm the validity of the supposed will, but only affirms at most, that such a paper was in *729 existence, and 'that Jarmon was preferred above John Miller for the office of administrator. The validity or invalidity of the will was not in contest in the case, nor had the Court the question before them, or jurisdiction to decide it had it been presented. So that in this we do not think there is an estoppel of record, as to contesting the validity of the supposed will.
The third matter presented is, that at June Term, 1869, she had dissented from the Will on the ground it did not make a satisfactory provision for her, and had her year’s support laid off by commissioners appointed by County Court.
This objection presents a serious difficulty, and one on which we have had some trouble to reach a conclusion. Undoubtedly upon strict principle, and with the direct question presented for adjudication before a tribunal of competent jurisdiction to decide the question, with nothing in other provisions of the law to interfere with freedom of election on the part of the widow, we should be bound to hold, that the dissent of the widow from the will of her husband, cut her off from all interest under the will, and that her interest was fixed by this dissent, and confined to what the law gave her under such circumstances. But when we look at the fact, that she is compelled to her election within a year after probate of the will in common form — 9 Hum., 182 — or else be bound by its provisions, however inadequate and unsatisfactory, we think we should be slow to hold her estoppel to contest the will of her husband in a ease like the present.
A stronger and more satisfactory reason presents *730 itself in the fact that this question is sought to be raised in a collateral way, upon a petition to contest the will, filed in the County Court, and we are satisfied it was never intended by the' Legislature that the rights of the widow should thus be investigated and finally adjudicated by this tribunal, even subject to appeal to Circuit Court, in this kind of proceeding. Nor do we think our decisions have gone to this length, though some of them may seem to bear that construction, as in the case of Wynne, Ex’r, v. Spiers, 7 Hum., 407.
In that case Spiers, the husband of Wynne’s testatrix, sought to contest the will of his wife, which had been made in pursuance of a deed of compromise, which had been agreed to be entered as a decree in the Chancery Court, in a case between the wife and husband, in which the wife had filed her bill for divorce, and asking to have all her property, amounting to about $20,000, revested in herself as a feme sole. The compromise had been made by his conveying to a trustee for the wife -about $8,000, and as we have said, the deed of compromise had been agreed to be made the decree of the Chancery Court. Before the Court met, the wife died, having made her will, and appointed Wynne her executor, who proved the will and took on himself the office.
In the Chancery Court, the death of Mrs. Spiers was suggested and admitted, and by consent of parties, the case was revived against the executor, and the deed of compromise, by which Spiers, the husband, was excluded from interest in the wife’s estate, was by like consent for *731 mally set forth at length, and made the decree of the Court, in said suit. After this, Spiers filed his petition in County Court to have the probate of his wife’s •will set aside, and to contest it. The Court held that the form and matter of this decree was an estop-pel on the husband, that it substantially asserted of record, in a decree in which he was actor, the alleged agreement of compromise, the death of his wife, that she had duly made her last will and testament, and appointed Wynne her executor; that he had proven the will, and taken on himself the burden of the office, and the Court held that he could not be permitted to escape from this decree, from his solemn averment of record, that a last will and testament, had been duly made, published and probated, and allowed to set aside said probate: 7 Hum., 409, 410.
While we think this case was properly decided, we think its principles not applicable to the act of the widow in the case of dissent from the will of her husband, and that her dissent at any rate in a proceeding like this can only be held fairly to mean, that she does not propose to be bound by the paper purporting to be a will, and as against its provisions she takes her legal rights in preference, but she does not affirm thereby, that said paper was properly made, that the party was not insane, or that it was not procured by fraud or undue influence. We hold, at any rate, that in this proceeding these facts can not be authoritatively adjudged against her, and that she as a widow has such an apparent right as will entitle her to make a contest of the supposed will: 1 Col., 477.
*732 We do not positively adjudicate what may be her rights under the new state of things if the will shall be set aside, but only hold that she is not estopped by her dissent from making the contest.
It was contended in the 7th Humphrey case, that the husband was excluded fiom the succession to his wife’s estate by the effect of a marriage contract between them, made at time of marriage; but the Court say, “ we should hesitate to give to those instruments, in this incidental way, the effect claimed for them of preventing an issue on the validity of the will at the instance of one whose relations to the testatrix gave to him the apparent right to make the issue.” So the widow in this case having the apparent right to contest, we hold we can not, in this incidental way, adjudicate and settle positively, nor ought the County Court to be required to do it, the right of the widow, as to what shall be the effect of her dissent on her rights in the event the will shall be successfully contested.
It is claimed that the contest can not be allowed to be made by her as next friend of the infant, because the interest of the infant is larger under the will than in case of intestacy.
We do not so understand it; and especially, if the construction of the dissent of the widow contended for on part of John • Miller be the correct one, it is clear that the child, in event the will is declared a nullity, will get all the personalty and realty absolutely, after payment of debts, of which there appears to be none of importance except the widow’s share, *733 whatever that may be. Under the will she only gets a life estate in the residue of the real estate, and the corpus of the debt due from John Miller, without interest, assuming that the wife has no further interest after her dissent, and the lands are shown to be worth at least $20,000.
We need not weigh carefully the precise interest of the child, the one way or the other, as she will get her legal share of her father’s estate in the event the will is set aside; and we are well satisfied that is of more value than the provisions of the will as they stand.
In this view of the case, it makes but little difference as to whether the widow shall be cut off from all rights, except what she gets by dissenting 'from his will, or not, as the contest can be made by the child by her next friend, and the validity of the will settled, whether she be a party in her own name or not.
It is then insisted, that John Miller is not the proper party with whom the contest should be made. At the time the application was made, the office of personal representative was in contest and unsettled— that contest might last for years by possibility. We do not think parties should be compelled to wait the result of this litigation, before being allowed to contest the will, as witnesses essential to their rights might die, the facts of the case would naturally fade from the memory of such as might survive, and the parties ought not to be subjected to these risks, and others that might be mentioned.
*734 "We hold therefore in such case, that any legatee interested under the will may be made defendant, and the contest had with him, though it would be better in all such cases to have all the parties before the Court. But as any parties in interest may intervene and be made parties in Circuit Court, this can make but little difference in this case.
John Miller is a legatee under the will, and is a proper party with whom to make a contest: Ford v. Ford, 7 Hum., 94 and 328.
The result is, that the judgment of the Circuit Court is affirmed, and the case remanded to that Court, in order that an issue of devisavit vel non be made up, and the validity of the said will be regularly tried on said issue.