VIRGINIA S. COWAN, EXX., et al. *v.* M'. H. WALKER.

(*Knoxville.* September Term, 1906.)

1. **WILLS.** Right to contest, if disputed, presents a preliminary controversy, requiring a decision, with right of appeal, before the contest.

It is well settled in this State that the right of a proposed contestant to impeach a will, if disputed, presents a controversy separate from and preliminary to the contest itself, in which evidence may be offered as to the issue joined, and that an appeal lies from a decision thereof, before a contest is heard. (*Post, pp.* 140, 141.)

Cases cited and approved: Wynne v. Spiers, 7 Hum., 393; Keith v. Ragland, 1 Cold., 474; Gore v. Howard, 94 Tenn., 581; Crocker v. Balch, 104 Tenn., 6; Ligon v. Hawkes, 110 Tenn., 514; Bowers v. McGavock, 114 Tenn., 450.

2. **SAME.** Revoking will failing leaves former will in force.

If a later substituted will revoking an earlier will fails for any reason, the earlier will, if itself valid, remains in full force and effect. (*Post, pp.* 141-143.)

Cases cited and approved: Ford v. Ford, 9 Hum., 92; Stover v. Kendall, 1 Cold., 561.

3. **SAME.** Heir left nothing under an earlier and valid will cannot contest a subsequent will.

The heir and next of kin of a testator, to whom nothing is left by an earlier and clearly valid will, is not entitled to contest the probate of a subsequent will, because he is without substantial interest. (*Post, pp.* 141, 143-148.)

Cases cited and approved: Wynne v. Spiers, 7 Hum., 393; Gore v. Howard, 94 Tenn., 577.

4. **SAME.** Same. Evidence of valid earlier unprobated will is admissible to prevent contest of subsequent will by an heir left nothing under earlier will.

Evidence of the existence of an earlier and clearly valid, but unprobated will, in which the proposed contestant is left no

Cowan v. Walker.

property, is competent and admissible upon an issue as to his right to contest a subsequent will, though he be an heir and next of kin of the testator. (*Post, pp.* 141, 143-152.)

Cases cited and approved: Wynne v. Spiers, 7 Hum., 393; Gore v. Howard, 94 Tenn., 577; McCutchen v. Loggins, 109 Ala., 457; Barksdale v. Hopkins, 23 Ga., 332; Rudy v. Ulrich, 69 Pa., 177.

Case cited, criticized, doubted, and distinguished: Miller v. Miller, 5 Heisk., 723.

5. **SAME. Same. Same. No estoppel by probate of will to rely on earlier will to prevent contest of the later probated will.**

The proponents of a probated will are not estopped to rely upon an earlier and valid, but unprobated will, as a bar to the right of an heir and next of kin left nothing therein to contest the probated will. (*Post, pp.* 148, 149.)

6. **SAME. Proper judgment dismissing petition to contest a probated will rendered by supreme court upon reversal, without remandment, when.**

Upon reversal of a proceeding to set aside the probate of a will and to have will certified to the circuit court for contest upon an issue of *devisavit vel non,* the supreme court will, without remandment, render the proper judgment dismissing the petition, where the circuit judge should have rendered such judgment. (*Post, pp.* 137, 152.)

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County.— JOSEPH W. SNEED, Judge.

Cowan v. Walker.

SHIELDS, CATES & MOUNTCASTLE and LUCKY, SANFORD & FOWLER, for Cowan.

TEMPLETON, LINDSAY & TEMPLETON, for Walker

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The defendant in error, claiming in the character of heir, filed the petition in the present cause asking that there be certified to the circuit court of Knox county, to be tried upon an issue of *devisavit vel non,* an instrument bearing date the 30th of November, 1901, and probated by the county court of that county in April, 1902, as the last will and testament of R. R. Swepson, then lately deceased. The petitioner alleged as a ground for this action that this instrument was not the last will and testament of Mr. Swepson, in that, for more than twelve months before his death, he had been of unsound mind and memory, and thus was incapacitated from making a last will and testatment; and further, that the instrument in question was the result of undue influence exercised upon him. The petition contained the further averment that by this instrument the petitioner was given nothing, but that the whole of the estate, both realty and personalty, by its terms passed to others named as beneficiaries therein.

The defendants to this petition, answering, denied that R. R. Swepson was mentally incapable, at the time of making and publishing this instrument as his last

will, or that it was executed as the result of undue influence. It was also averred that, in any event, the petitioner had no right to contest this instrument, and as to this defense the answer contains the following paragraph: "These defendants plead and aver that on the 22d day of September, 1900, the said Robert Redu Swepson made and published a valid and legal last will and testament which was witnessed by James Comfort, Jno. E. Horn, and James C. Comfort, in the presence of said testator and at his request, and in the presence of each other, and on the 10th day of April, 1901, the said testator made and published a codicil to said will, and that by said will and codicil he devised his entire estate of every kind, character, and description to certain legatees and devisees named therein, and that the said M. W. Walker was not willed nor bequeathed any part of said estate by said will or codicil. . . . Defendants aver that said will and codicil remained in full force and effect and are still in existence, and were never revoked in any way by the said Swepson, except by the execution of the later will, now being attacked by the said Walker in this case. These defendants, therefore, aver that, even if the will probated by them in the county court of Knox county, on the 3d of April, 1902, is invalid for any of the reasons set out in said petition, and should be set aside and declared to be null and void, the said petitioner, M. W. Walker, would not be entitled to any part of the estate of the said Swepson, deceased, and that he has no interest whatever in said estate, and has

no right in law or equity to contest said will of November 30, 1901."

The county court heard evidence upon the issue thus raised by the answer as to the right of petitioner to make this contest, and dismissed his petition, from which action the petitioner prayed and was granted an appeal to the circuit court. Upon the trial of the cause upon the same issue in this latter court, the circuit judge reversed the action of the county court, sustained the petition, and sent the case back to that court with a direction that it certify the will in question to the circuit court, for the trial of the issue of *devisavit vel non*. Upon this action error is assigned by the defendants to the petition.

The record shows that, at the trial in the circuit court, evidence was introduced by the petitioner showing that Robert Redd Swepson died on March 23, 1902; that he was never married, and that his next of kin were his nephews and nieces, the children of deceased sisters; that the petitioner was a nephew of Robert Redd Swepson; and that, if the latter had died intestate, the petitioner would have inherited one-twelfth of his estate under the laws of Tennessee.

To meet this case and support the averment of their answer on the point in question, the defendants produced in open court an instrument of writing purporting to be the will of R. R. Swepson, dated September 22, 1900, together with its codicil, dated April 10, 1901, which, together disposed of the entire estate of the testa-

tor, omitting, altogether, petitioner Walker from any share in the estate. The due legal execution and publication of this will and codicil, together with the fact that, at the time of the execution thereof, the testator was of sound mind and disposing memory, was shown by uncontroverted testimony. It was further shown by the testimony of Mr. C. E. Lucky, who was legal adviser of the deceased and the draftsman of the will dated November 30, 1901, that this prior will was never revoked, save and except by the execution of the later, and that the testator executed the will of November 30, 1901, to take the place of the will of September 22, 1900, and its codicil dated April 10, 1901, and that he (Lucky) kept both of said wills, at the request of the testator, and had them in his possession at the time of the testator's death.

All of this evidence was excluded, however, upon petitioner's exception, and the judgment was then rendered, as has been already set out, which is now made the subject of criticism on this appeal in error.

It is well settled in this State that the right of a proposed contestant to impeach a will, if disputed, presents a controversy separate from and preliminary to the contest itself, in which it is competent for the contestant and contestee to offer evidence as to the issue joined, and that an appeal lies from a decision thereof, before the contest is heard. *Wynne* v. *Spiers,* 7 Humph., 393; *Keith* v. *Raglan,* 1 Cold., 474; *Crocker* v. *Balch,* 104 Tenn., 6, 55 S. W., 307; *Gore* v. *Howard,* 94 Tenn., 581,

30 S. W., 730; *Ligon* v. *Hawkes*, 110 Tenn., 514, 75 S. W., 1072; and *Bowers* v. *McGavock*, 114 Tenn., 450, 58 S. W., 893.

The plaintiffs in error invoke this rule, upon the theory that, if the present contest should succeed, the defendant in error would be without interest in the estate, as the effect of a finding that the later will, which was executed, according to the testimony of Mr. Lucky, to take the place of and as a substitute for the earlier one, was invalid on either of the grounds alleged in the petition, would be that the earlier one remains in force, and by that, the defendant in error, in the disposition of the entire estate to other beneficiaries, is left without any substantial interest therein; and, this being so, he is not entitled to make the present contest.

If the testimony directed to this point is competent, then we think the petitioner must be repelled, as the rule of law is well settled that, if the later will fails for any reason, the earlier will remains in full force and effect.

This rule is announced by various text-writers on the subject and has been often applied by the courts, especially where the earlier will is canceled by the testator with the purpose of making a new one, which, in some way, is disappointed. The rule is thus stated by Mr. Jarmon, in his work on Wills (volume 1, p. 294): "And it may be observed that, where the act of cancellation or destruction is connected with the making of another will so as fairly to raise the inference that the testator meant the revocation of the old to depend upon the effi-

cacy of the new disposition, such will be the legal effect of the transaction; and, therefore, if the will intended to be submitted is inoperative from defect of attestation, or any other cause, the revocation fails also, and the original will remains in force."

Mr. Pritchard, in his valuable work on Wills and Administration, in section 272, states the rule in very similar language.

But the operation of the rule is not confined to cases of cancellation. Mr. Page, in his recent work on Wills, in section 257, says in the following language: "The testator may not at the time he performs the act be competent to make a will, and in such case he cannot form the intention to revoke a will. A will can only be revoked by a person of sufficient age, mind, and memory to make a valid will. . . . Since the intention to revoke is an essential element of revocation by it, manifest on the will, it follows that, where such outward act is caused by the undue influence of another, it is not a revocation."

These authors support their text by reference to many cases from courts of last resort, among them being *Ford* v. *Ford*, 7 Humph., 92; and *Stover* v. *Kendall*, 1 Cold., 561. In the first of these cases, from our own reports, the rule is indirectly recognized. It is there said that, if a testator of unsound mind order his will to be burned, and it is burned, it will be established after his death as it existed in its integral state, if that be ascertainable; if it be not burned, there would be, of course, no revoca-

tion. In *Stover* v. *Kendall*, the rule is directly recognized. It is there said: "Obliteration and interlineation are inoperative to change a will if made with a view of making a different disposition which is not effectually carried out. So, if such change of purpose is not carried out because of sudden death, or any other cause, or the attempted disposition is invalid, the canceling of the first, being dependent thereon, is null and void, and does not effect the revocation of the original will, but it will stand as it was before the cancellation. In 1 Has., 143, Sir John Mitchell says that such cancellation, 'being preparatory to the deceased making a new will and conditional only, was not a revocation.' In 1 Williams on Executors, and notes, this doctrine is fully sustained. If the new disposition fails for want of proper attestation, the effect is the same according to these authorities."

The question, then, arising is: Can the unprobated will, of date September 22, 1900, made when, upon the uncontroverted testimony in this record, the testator was of sound mind and memory, be relied upon in bar of petitioner's right to contest the later will, which was made as a substitute for the prior will? In other words, can this earlier unprobated will be introduced in evidence to show that, while petitioner had an apparent interest as heir, yet he is without substantial interest in the estate, even if he should succeed in the present contest?

In *McCutchen* v. *Loggins*, 109 Ala., 457, 19 South., 810, the facts were as follows: The bill was filed by

complainants under the authority of the Alabama stat-
ute to contest an instrument executed in the year 1876,
and after death probated as the last will of the testatrix.
In this instrument the complainants were not provided
for.   The ground alleged for the contest was that a later
will made by the testatrix, in February, 1888, gave an
interest in the estate to the complainants, and that this
later will contained a clause of revocation of all former
wills.   To this, among other defenses, the respondent,
who claimed under the probated will, set up in reply
that in June, 1888, the testatrix executed another will
in which she revoked all other wills previously made by
her, except that of 1876, already probated, and that, by
this last will, the will of 1876 with its disposition of
property was expressly reaffirmed.   This last and con-
firmatory will had not been probated.

The case went to the jury and they found the unpro-
bated instrument of June, 1888, to be the last will of
the testatrix, and upon this finding the bill of complain-
ant was dismissed.   By appeal the case was carried to
the supreme court of Alabama, where it was, in sub-
stance, held:   First, that the complainants had no status
in court to contest the will of 1876 save as beneficiaries
under the unprobated will of 1888, but that as such bene-
ficiaries they did have the right to impeach, if they could,
the earlier will; second, that in meeting this attack of
the complainants the contestee could avail himself of the
unprobated will of June, 1888, which reaffirmed the will
of 1876.

Cowan v. Walker.

To the argument of complainants "that, as the chancery court had no jurisdiction to probate the third will, the verdict of the jury finding this to be the last will and testament of the deceased did not authorize the rendition of any decree," the court said it was without merit, for "complainants can have no standing in court except upon establishing the second instrument as a last will and testament. The verdict of the jury was adverse to them on this issue. It is of no concern to complainants whether the first or last will be probated, or whether any will be probated, if it be true that the instrument under which they claim is not a valid last will and testament."

In other words, the court there holds that a contestee may rely upon an unprobated will for the purpose of showing that the contestant had no real interest in the estate, and this, although it appeared that a former will in favor of the contestee had already been admitted to probate. It is evident that the court did not regard the probate of the earlier will as being an estoppel upon the contestee to rely for his defense upon a later unprobated instrument.

*Barksdale* v. *Hopkins*, 23 Ga., 332, presents a case furnishing an analogy of value in the consideration of the question at bar. The facts in that case were that one Barksdale propounded a writing, dated in 1848, for probate as the will of one Mrs. Bunkley. To the admission of this writing to probate certain of the next of kin of the deceased entered a *caveat*, resting on several grounds.

117 Tenn—10

Among these was this: That the will offered for probate was by the testatrix during her lifetime canceled by an obliteration of the seal attached thereto, with the intention thereby of revoking it; and, further, that in 1850 she executed in the presence of witnesses an instrument in writing whereby she expressly revoked all former wills by her made. This later will was neither probated, nor was it offered for probate. To the admission of this instrument in evidence to show revocation of the earlier will, the counsel for the propounder of the earlier will presented objections, one of which is thus stated in the opinion of the court: "They said that, in every case in which an instrument is to be used as a will, one single case excepted, the only evidence admissible in proof of the instrument is the judgment of the probate court establishing the instrument as a will; that the single excepted case is that in which the instrument itself is being offered for probate to a probate court; that this instrument was not itself being offered for probate; therefore that, if the purpose of the caveators was to use this instrument, including the revocatory words, as a will, then the evidence of a person subscribing the instrument as a witness was not admissible as proof of the instrument."

To this objection the court made the following answer:

"Now, that this proposition may be true, a second one has to be true, to wit, this: That in a probate court a will can have no revocatory efficacy, unless it has been admitted to probate, or is offering itself for probate. Is then this latter proposition true?

"If a man by will gives property to A., and by a second will gives the same property to B., and B. dies before A., or B. is a person that by reason of some disability cannot take the property given, the second revokes the first; and yet, in both of these cases, the second will is void [citing authorities]. This proposition I believe, is not disputed.

"These are cases in which it cannot be true that the revoking will was admitted to probate. The revoking will was void. They are cases, too, in which it cannot be true that the revoking will offered itself for probate; that a will professing itself to be revoked should yet offer itself for probate is absurd.

"This second proposition, then, is not true. What is the true proposition on the subject to be deduced from these cases? It would seem to be this: That, whenever a will is efficacious for the purpose of revoking a former will, a probate court may take notice of it for the purpose, although such will is one that has not been admitted to probate, or even one that is not capable of being admitted to probate."

Thus it will be seen, in the first of these cases, a contestant was repelled by an unprobated will, and, in the second, an instrument, which was not only unprobated, but not offered for probate, was held to be competent as evidence to defeat the probate of an earlier will, which was propounded for probate. If these authorities are sound (and in *Rudy* v. *Ulrich,* 69 Pa., 177, 8 Am. Rep., 238, the supreme court of Pennsylvania said the propo-

sition announced in the *Barksdale Case* "was too clear to be doubted"), we are at a loss to understand why plaintiffs in error may not avail themselves of the unprobated will of 1900 to defeat the defendant in error in his effort at a contest in the present case. As was said by the Alabama supreme court, in the *McCutchen Case,* that it is unprobated does not concern him. He takes nothing under the instrument, and therefore he is not affected whether it be probated or not.

But, for the petitioner, it is said, though it should turn out that he has no interest in this estate, yet, as heir he has an apparent interest, and this entitles him to make this contest.

Under our authorities, however, a contestant must have a substantial interest which is to be served by his contest. *Wynne* v. *Spiers,* supra, and the various cases citing it.

Let it be granted, however, to the petitioner, that *prima facie,* being one of the next of kin of the deceased, he had the right claimed for him by his counsel, yet we think this *prima facie* case is necessarily met and destroyed by the existence of the earlier, valid, but unprobated, will. This leaves him a stranger to the estate, and as such without any right of contest.

It is insisted, however, that, having probated the last will, the plaintiffs in error are estopped from relying on the earlier will for any purpose, that they will not be permitted to occupy the inconsistent positions of relying upon the last will, and setting up the earlier one as a

bar to plaintiffs' contention.  We think this insistence carries the rule of estoppel beyond its natural limits.  It is true that the judgment of probate of a will pronounced by a court of competent jurisdiction, even in common form, binds all parties until revoked upon an issue of *devisavit vel non*.  But this was not the issue that was being tried by the court, and therefore the evidence of the unprobated will was not directed to it.  The question, and the only question, then in controversy was as to the right of petitioner to make this contest.  The evidence was offered only for the purpose of showing that he was without any real interest in the estate. If petitioner had executed a release of all interest in this estate, it would have been competent for the plaintiffs in error to show that fact as a conclusive answer to his claim to contest.  *Gore* v. *Howard,* 94 Tenn., 577, 30 S. W., 730.

The question as to the release of interest in the testator's estate, and its effect upon the rights of the parties, though next of kin, to raise the issue of *devisavit vel non* upon his will, did not arise incidentally in the case last cited; nor was it disposed of in an incidental way by this court upon appeal.  To the contrary, the question went to the core of the issue then being tried, and it was held that, save as to one of the parties, who claimed that she had never signed a release, or authorized any one to sign for her, and whose evidence tending to show that fact was rejected by the trial judge, the judgment of the court below, holding that the contestants who executed

these releases were barred from maintaining the proceeding, was sustained by this court.

If it be, as was held in that case, that it was competent to determine the question as to the effect of these releases upon the right of contestants to impeach the probated will of the testator, it would seem that a court should equally have power to adjudge the same question, arising, as it did in this case, upon an unprobated will, confessedly valid in every respect, disinheriting the contestant. In each case the contestant is shown, by the evidence offered, to be without substantial interest in the controversy. If the one is to be repelled by his own act, why should not the other by the act of the person who had the estate to bestow or withhold at his pleasure?

We find nothing in our cases, unless it be in *Miller* v. *Miller*, 5 Heisk., 723, which conflicts with this view. In *Wynne* v. *Spiers*, supra, a husband instituted a proceeding to contest the will of his deceased wife, and the executor, in bar of his claim, set up a deed of marriage settlement made by the husband and wife, and also a compromise, or agreed decree, rendered by the chancery court settling the respective rights of the husband and the wife as to the estate of the wife. As to these defenses, the court said: "It is insisted that the stipulations of the deed of marriage settlement of 1844 are such, in point of legal effect, as to exclude him from the succession to her separate property, even if she had made no will. We think this is very probably so. But we

Cowan v. Walker.

should hesitate to give to these instruments in this incidental way the effect claimed for them of presenting an issue upon the validity of the will at the instance of one whose relations to the testatrix gave to him the apparent right to make up such issue. But we feel constrained to give a larger operation to the decree of the chancery court at its October term, 1844. The form and matter of this decree are alike an estoppel against the husband disputing the will of the wife, or obtaining a reprobate of the same."

From this it will be seen that the court did not rule that the deed of marriage settlement was incompetent on the issue then being tried, but simply expressed hesitancy in giving the effect to it on the trial of this preliminary issue claimed by the contestee. The case presented another ground upon which the contestant was clearly barred from maintaining his suit; that is, the agreed decree referred to, and without determining the other point, the estoppel was rested upon that. However, the doubt, or hesitancy, there expressed as to the incompetency of such an instrument as evidence on the matter in question, we think, is set at rest in *Gore* v. *Howard,* supra, for the release there held to be competent had no superior evidential efficacy to the marriage settlement relied upon in the earlier case.

In *Miller* v. *Miller,* supra, a contest over the will of a deceased husband was instituted, in part, by a widow, who had dissented from it within the statutory period, and, among other objections, it was urged that she could

Cowan v. Walker.

not maintain the contest, as by her dissent she had cut herself off from all interest under the will. The court confessed that the objection presented a serious difficulty, and one with regard to which there was much trouble in reaching a conclusion. It was determined, however, in view of our statutes fixing the time and the circumstances under which a widow shall dissent, that her right to contest, notwithstanding her dissent, would be maintained. It would seem that, having dissented from the will, and thereby having placed herself on the same plane with a widow whose husband died intestate, she would have no further interest in the will, and that her contest should not have been maintained. However this may be, yet we do not think the case, which for authority must be confined to its exact facts, conflicts with the view that we have already expressed in this opinion. We are satisfied that the evidence adduced by the plaintiffs in error as to this unprobated will was competent, and that the trial judge was in error in excluding it. Upon this evidence it is clear to us the contestant had no substantial interest, and that he was without right to maintain this contest.

This court, therefore, reversing the action of the trial judge, and rendering the judgment which he should have given, orders that the petition in this cause be dismissed, at the cost of the petitioner.