MISS CAROLINE GERSTER NEAL v. MRS. ELLA CROOK et al.

Western Section.  January, 1926.

No petition for Certiorari was filed.

1. Appeal and error. Wills. The right to contest a will is a separate controversy from the contest itself and an appeal lies from a judgment thereon.
   The right of the proposed contestant to impeach a will, if disputed, presents a controversy separate from and preliminary to the contest itself, and an appeal lies therefrom before the contest is heard.

2. Wills. Estoppel. Party retaining benefit under a will is estopped to contest the will.
   A party receiving benefit under a will is estopped to contest the will unless he first surrenders the gift. The rule however does not preclude a contest when the interest taken by the contestant under the will in specific property constitutes only a part of the estate and is the same he would take in such property in case of intestacy.

3. **Wills. Evidence. Evidence held not to estop will contest.**

In an action to contest a will where the evidence showed that the executrix had made deeds to the heirs to the land devised to them under the will but that they had refused to receive the deeds and tendered back all rents collected on said real estate, held the evidence did not show acts that would estop the parties from contesting the will.

Appeal in Error to Circuit Court, Dyer County; Hon. Robert A. Elkins, Judge.

Affirmed and remanded.

Latta & Latta and Draper & Rice, of Dyersburg, for appellant.

H. T. Rogers, of Dyersburg; for appellee.

OWEN, J. Caroline Gerster Neal, hereinafter called the defendant, is the executrix of the last will and testament of Col. Tom W. Neal, deceased, who for many years was a prominent citizen, editor and publisher of Dyersburg, Tennessee. Col. Tom W. Neal died in October, 1922, leaving surviving him three children, all daughters, being Mrs. Ella Neal Crook, who had resided for a number of years in Little Rock, Arkansas; Mrs. Lillian Neal Simpson, who resided in Dyersburg, Tennessee, and Miss Caroline Gerster Neal, who resided with her father at the time of his death. Mrs. Crook and Mrs. Simpson filed a petition on August 9, 1924, seeking to contest the will of Col. Tom W. Neal, which had been probated in common form.

The petitioners averred that the said paper was not the will of Tom W. Neal for (a) at the date of the said paper and at the time that it is alleged that the said Tom W. Neal signed and published the same as his last will, he was old, enfeebled in body and mind, and did not realize the tenor and purport of his act; (b) even though the said Tom W. Neal did in fact sign and publish said paper as his will, petitioners aver that he did so by reason of the fraud and undue influence of said Caroline Gerster Neal, who is the daughter of said Tom W. Neal and petitioners' stepmother, and to whom said paper purports to devise and bequeath practically all of his estate, and also the fraud and undue influence of one W. H. Hoyt, an artful, keen speculating man and a close trader, who for many years resided with the said Tom W. Neal, and an uncle of the said Caroline Gerster Neal. The petitioners prayed that summons issue and be served on the executrix, Caroline Gerster Neal, and that the alleged will be transferred to the circuit court and reprobated, to the end that the petitioners might contest its validity in an issue of devisavit vel non.

A demurrer was filed by the executrix, which coming on to be heard was overruled and on appeal to the circuit court by the executrix it was likewise overruled, and the plaintiff required to answer. In the answer filed, it was alleged that the petition should be dismissed, denying fraud and undue influence and alleged that:

"Said petitioners, Mrs. Ella Neal Crook and Mrs. Lillian Neal Simpson are estopped from contesting the said will for the reason that both of them are beneficiaries under the said last will and testament of said Tom W. Neal and are given therein certain property and deeds to same have been executed and delivered to them by this respondent, this being done soon after the qualification of your respondent as said executrix; and said deeds were delivered to said beneficiaries conveying to them the said property as directed in the said will. The petitioners, ever since said deeds have been executed and delivered to them, have been in possession and enjoyment of said property, and have been for many months collecting and receiving the rents from said property and are still doing so. Wherefore, your respondent avers that having accepted the benefits conveyed upon them by the said will, and having taken charge of and possession of said property, and having rented the same out and collected the rents and profits from the same, the petitioners cannot now contest the said will, but are estopped therefrom by having received and accepted the property given them in the said will and cannot now contest the same."

The decree of the county court was that the petitioners were not estopped to contest the will and on the appeal by the executrix to the circuit court, it was likewise adjudged and decreed that the petitioners were not estopped to contest said will, whereupon the executrix moved for a new trial, which was overruled and an appeal granted. The record discloses that the real estate of the testator was valued at upwards forty thousand dollars and was made up of several lots and parcels of land situated in the city of Dyersburg. Of this amount, there were devised parcels of lands and lots of the value of upwards thirty-six thousand dollars to the executrix, with the remainder devised to the petitioners.

The record fails to disclose the value of the personal property owned by Col. Neal at the time of his death. In his will he disposed of his bank stock, notes, cash, etc., but doesn't mention the value.

The only error assigned in this court is that the court erred in holding that the contestants were not estopped because they had accepted benefits under the will.

The rights of a proposed contestant to impeach a will, if disputed, presents a controversy separate from and preliminary to the contest itself, and an appeal lies therefrom before the contest is heard. Everett v. Mickler, 6 Higgins, page 590; Shaller v. Garrett, 127 Tenn., 667; Cowan v. Walker, 117 Tenn., 140; Bowers v. McGavock, 114 Tenn., 450; Ligon v. Hawkes, 110 Tenn., 514.

The law relative to estoppel to contest wills is well settled in Tenn. In Pritchard on Wills, section 341, it is said:

"But a person will not be permitted to retain a benefit under a will and at the same time be heard to assert that the instrument creating the benefit is not operative or invalid. He must surrender the gift before he can contest the will. The rule does not preclude a contest when the interest taken by the contestant under the will in specific property constituting only a part of the estate is the same he would take in such property in case of intestacy."

The author cites with approval Gusler v. Miller, 10 Lea, 90. In that case there was a devise of a tract of land, a home tract, to four of the testator's children, another tract was given to the four first named and to another child, the respondent. Respondent sold his interest under the will and later sought to contest the will. A bill was filed to enjoin the suit of contest on the ground that respondent had elected to take under the will by the sale. Said the court:

"It is not, however, a case of election. The party was entitled by our law to contest the will unless something had intervened to prevent the existence of the right. He would be entitled to an equal share of the homestead, as the case appears, as well as in the mountain land in the event that the will is set aside, and so he has an interest to form a basis on which his right of controversy will be sustained. The deed for the mountain land may estop him to claim any further interest as paid him and his vendee, but does not aid the parties in their efforts to prevent his contesting the will in this case."

Moore v. Johnson, 75 Tenn., 581, is a case in point. In that case a widow who sought to contest a will was enjoined by a bill filed in chancery. The bill insisted that the defendant was estopped to contest the will by having received the greater part of her share of the estate under it and by making no objection to the sale of the land, although she was present. To this bill, the defendant demurred, it was sustained and complainant appealed. In affirming the lower court, the court said:

"The bill itself shows that in the event the will is set aside, the defendant Elizabeth, as the widow of the testator, would, under the cirstances of the particular (583) case, be entitled by law to the entire personalty of the husband's estate which would amount to more than one-third of the entire estate, real and personal, given her by the will, and to dower in the realty in addition. Her interest is, therefore, to break the will, and her contest over the will is prima-facie, for her advantage, and not for the benefit of Hutsell.

"To estop a party from the assertion of legal rights, it must as a general rule, appear that the party was apprised of his rights, and intentionally by acts, silence or acquiescence, influenced the conduct of the person setting up the estoppel in his injury. For, otherwise, there could be no just inference of actual or constructive fraud, upon which the doctrine of estoppel in pais rests: Morris v. Moore, 11 Hum., 433.

In the case before us, the defendant Elizabeth received from the executors the greater part of her share of the estate under the will, and was present at the sale of the land by the executors, and made no objections thereto. But the bill does not aver that she was at that time aware of the facts on which she is now contesting the validity of the will, or that the executors were ignorant of the facts, or that the conduct of the widow was intended to influence their action, or did in fact influence it. And the bill does show that, in the event the will is set aside, the defendant Elizabeth would be entitled to more of the estate in money than she has received, so that the executors cannot be injured by the payments made.

"It has been held by this court that the dissent of the widow to the husband's will, and having had a year's support assigned her, will not estop her from contesting the will: Miller v. Miller, 5 Heis., 724. And it has been also held by the Supreme Court of one of our sister states, that the election of the widow to take under the will does not estop her from contesting it, for the obvious reason that if there is no valid will, there is no valid election, and, of course no estoppel: Carder v. Fayette Co., 11 Ohio St. 358."

In Rogers v. Colville, 145 Tenn., 650, the court held that a testator's son, who purchased real estate at the executor's sale, was not, by reason thereof, estopped to contest the will on the ground of insanity, where neither the executors nor the beneficiaries were misled to their prejudice. In Everett v. Mickler, 6 Higgins, 590, the court said:

"The basic reason for an estoppel is the inability of the parties invoking it to recover their losses or be restored to their former condition."

And while in this case the court held that was an estoppel, it was because, "it is beyond the possibility for the estate of Phillips to be reimbursed for the losses that would be sustained by him if the will of his wife should be an invalid instrument."

In the instant case the plea of estoppel is based on the fact that the two contestants accepted the rents of property that was devised to them by their father. It appears that Col. Neal had a real estate agent, one J. W. Whitley, to look after the rental of his property. Mr. Whitley continued to collect the rents on the property after the death of Col. Neal. Mrs. Crook's property, devised to her, had a rental income of $6 per month, and Mr. Whitley sent to her $5.40 for a period of about twenty months, this being the amount due after deducting his commissions. This amount she returned through her attorney, tendered it to the executrix, and it was declined. She then paid the $118 into court. Mrs. Simpson's property did not have the rental value that Mrs. Crook's did. Mrs. Simpson, it appears, was devised a one-third interest in a piece of property that rented for

about $25 per year. Her husband had collected $16.65 for his wife, as rentals from her property. This amount was tendered to the executrix, was declined and then paid into court.

It appears that Col. Neal was more than eighty-five years of age at the time of his death, and it is insisted by petitioners that he was under the influence and domination of one Hoyt, who was a brother of Col. Neal's second wife. The petitioners and the defendant are half-sisters; that is to say, the two petitioners are the daughters of Col. Neal's first wife while the defendant is the only child of Col. Neal's last wife. The mother of the defendant died several years prior to the death of Col. Neal.

In the case of Everett v. Mickler, supra, the plea of estoppel was sustained. In that case the contestant accepted valuable personal property under the will she was seeking to contest. The contestant had disposed of the property received and this court, speaking through Mr. Justice Higgins, said: "It is beyond possibility for the estate of Phillips to be reimbursed for the losses that would be sustained by him if the will of his wife should be held an invalid instrument."

In the instant case, the parties have not suffered by the rents being collected by the former agent of Col. Neal, and paid over to contestants, and the contestants have tendered the amount received into court. Should Col. Neal have died intestate his three children would have inherited equally his real estate as tenants in common, and any one of said daughters could have rented the property, and collected the rents. The statute of limitation would not have run against the cotenants if one tenant should have come into possession of the real estate. In his will, Col. Neal designated the property Mrs. Crook should have, and the property that Mrs. Simpson should have. Shortly thereafter, the defendant executed deeds to her sisters as executrix, for the lots that the father had devised to his daughters. The will did not provide for any execution of deeds. The deed to Mrs. Simpson was tendered to her on the streets of Dyersburg, by the defendant, and Mrs. Simpson announced at that time that she would not accept the deed; that she did not want it. The conveyances by the defendant to Mrs. Crook was sent through the mails to Little Rock, but these were returned.

We are of opinion that, under the facts upon which this cause was submitted in the county court of Dyer county, and being tried before the circuit judge, without the intervention of a jury, on the same record in the circuit court that was made up in the county court, the contestants are not estopped from instituting a proper will contest.

"The purpose runs through the whole doctrine of estoppel that a man is only prevented from alleging the truth when his assertion

of a falsehood or his silence has upon the inducement to action by the other party which would result in loss if the opponent was permitted to gainsay what he had before asserted, or induced the other to believe by his acts.'' St. Pauls Reformed Church v. Hower, 191 Pa., 312.

Watson v. Watson, 128 Mass., 152, is a case where the general doctrine that any person taking a beneficial interest under a will confirmed it, yet it was said:

''An election made in ignorance of material facts is, of course, not binding when no other person's rights have been affected thereby. So, if a person knowing the facts has acted in misapprehension of his legal rights and in ignorance of his obligation to make an election, no intention to elect and consequently no election is to be presumed.''

Regarding the legatee who took a legacy under the will, the court said:

''But as to Edward the case stands differently, immediately after upon being informed of the rule of law, little more than a year after the probate of the will, and before the executor had settled any of the account in probate court, or the position of any other person had been changed, he returned the legacy to the executor and gave him notice that he elected not to take it. He cannot, therefore, be held to have made such election as should deprive him of the right under his independent title to partition the whole estate, in accepting the parcel claimed by the respondent.''

It results that we find no error in the judgment of the lower court, the assignment of error is overruled, and the judgment of the circuit court is affirmed. The defendant will pay the costs of this appeal, for which executions will issue against her and her surety on appeal bond. The cost of the lower court will be paid as there adjudged. The cause will be remanded to the circuit court of Dyer county for the purpose of preparing proper issues of devisavit vel non as to the will of Col. Tom W. Neal, by the complainants seeking to contest.

Heiskell and Senter, JJ., concur.