IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 1, 2021

### IN RE THE ESTATE OF MARY E. SCHAUMBERG

**Appeal from the Probate and Family Court for Cumberland County**
**No. 2018-PF-6272        Larry M. Warner, Judge**

_____

### No. E2019-02030-COA-R3-CV
_____

In this action to contest a will, the trial court determined that the contestants were estopped from maintaining their action because they had received property from the decedent's estate pursuant to the will's provisions and were therefore bound by its terms. The will contestants have appealed. Determining that the elements of estoppel were not proven, we vacate that portion of the trial court's final order and remand this matter to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court Vacated in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

Michael Knowlton, Cookeville, Tennessee, and Thomas F. Bloom, Nashville, Tennessee, for the appellants, Karen Morton and Kyle Schaumberg.

Jonathan R. Hamby, Crossville, Tennessee, for the appellee, Christopher Schaumberg.

### OPINION

#### I. Factual and Procedural Background

On May 30, 2018, the petitioner, Christopher Schaumberg ("Petitioner"), filed a petition in the Cumberland County Probate and Family Court ("trial court"), seeking to probate the last will and testament ("the Will") of his mother, Mary E. Schaumberg ("Decedent"), who had passed away on May 9, 2018. Petitioner stated that Decedent was survived by four children/heirs who were named as beneficiaries in the Will: Petitioner,

Cathy Hing, Karen Morton, and Kyle Schaumberg.[1]  Petitioner averred that Decedent owned real property in Cumberland County, which passed to him by virtue of Decedent's Will.

Petitioner attached a copy of the Will to his petition.  In her Will, Decedent directed that her real property in Fairfield Glade be devised to Petitioner.  Decedent further directed that her automobile be given to Ms. Morton.  All of Decedent's remaining property was given to Petitioner, Ms. Hing, Ms. Morton, and Ms. Schaumberg in equal shares.  Decedent further appointed Petitioner as her personal representative. The trial court entered an order dated May 30, 2018, admitting the Will to probate without administration and vesting title to Decedent's real property in Petitioner in accordance with the Will's provisions.

Nearly one year later, on May 6, 2019, Ms. Schaumberg and Ms. Morton ("Contestants") filed a complaint to contest the Will.   Contestants averred that the Will presented by Petitioner was not a valid testamentary instrument because Decedent was of unsound mind and was incompetent to make a will at the time of its execution. Contestants also alleged that Petitioner exercised undue influence over Decedent. Contestants asked the trial court to issue an injunction prohibiting Petitioner from disposing of any of Decedent's assets pending resolution of the matter.  The trial court issued such an injunction on May 8, 2019.

On May 20, 2019, Petitioner filed an answer, denying the allegations contained in the complaint.  On May 22, 2019, the trial court entered an agreed temporary injunction, which provided that pursuant to the parties' agreement, Petitioner was enjoined from selling or otherwise conveying Decedent's real property pending further order of the court.  Thereafter, Petitioner filed a motion to amend along with an amended answer, averring that Contestants were estopped from contesting the Will because they had retained benefits under it and were thus bound by all of its provisions.  Petitioner further asserted that the complaint failed to state a claim upon which relief could be granted.  In turn, Contestants filed a motion to strike Petitioner's amended answer.

The trial court conducted a hearing on August 7, 2019; however, the appellate record contains no transcript of this hearing.  On August 22, 2019, Petitioner filed a request, pursuant to Tennessee Rule of Civil Procedure 52.01, asking the trial court to make findings of fact and conclusions of law.  On October 17, 2019, the trial court conducted another hearing in the matter.  Petitioner was the only witness who testified during the hearing.  Petitioner stated that he had lived with and cared for his mother, Decedent, for nine years prior to her death.  Petitioner further testified that after Decedent

---

[1] Because two of the parties share the same surname, we will refer to Christopher Schaumberg as "Petitioner" and Kyle Schaumberg as "Ms. Schaumberg" in order to avoid confusion.  No disrespect is intended.

died, his sisters, Contestants, came to Decedent's home and took a vehicle, silver, furniture, and other items of Decedent's personalty pursuant to the provisions of the Will. Petitioner also presented as an exhibit requests for admissions that were propounded to Contestants following the August 2019 hearing, which Contestants had failed to answer. These discovery documents contained requests that Contestants admit to having received personalty from Decedent's estate.

The trial court subsequently entered an Order on October 21, 2019, granting Petitioner's request to amend his answer. The court also noted that although Petitioner had served requests for admission upon Contestants, they had failed to timely respond, such that those matters were deemed conclusively admitted for the purposes of this litigation. The trial court specifically found that Contestants had received benefits and property pursuant to the Will, such as a vehicle, furniture, jewelry, and silver. The court further found that Contestants elected to receive this property pursuant to the Will and that the matter had been open for more than one year before Contestants objected.

The trial court concluded that based on the doctrine of estoppel and the theory of election, Contestants were precluded from challenging the validity of the Will because they had retained benefits thereunder and were therefore bound by all of its provisions. Accordingly, the court dissolved the previous injunction and dismissed Contestants' complaint. The court further certified its order as final pursuant to Tennessee Rule of Civil Procedure 54.02. Contestants timely appealed.

## II. Issues Presented

Contestants have raised the following issues for this Court's review, which we have restated slightly:

1.   Whether the trial court erred by admitting new evidence during the hearing concerning Petitioner's motion for findings of fact and conclusions of law after the court had previously dismissed Contestants' complaint.

2.   Whether the trial court erred by determining that Contestants were estopped from contesting the Will.

## III.  Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood*

*v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law *de novo* with no presumption of correctness. *See Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

## IV. Evidence from October 2019 Hearing

Contestants argue that the trial court erred by admitting new evidence at the October 2019 hearing concerning Petitioner's motion for findings of fact and conclusions of law when the court had previously dismissed Contestants' complaint before the date of that hearing. According to Contestants, the trial court had conducted a hearing on August 7, 2019, wherein the court ruled that Contestants were estopped from challenging the Will. Although a transcript of this hearing does not appear in the appellate record, the record does contain an "Agreed Statement of the Evidence" filed by the parties on January 14, 2020.

In this statement, the parties reported that aside from arguments of counsel, no evidence was presented at the August 2019 hearing. During the hearing, Petitioner did offer to provide an inventory of Decedent's property, and the trial court accepted Petitioner's offer and directed that such inventory be completed. In their agreed statement, the parties acknowledged that the trial court had determined upon the conclusion of the hearing that Contestants were estopped from contesting the Will. The parties further stated that Contestants had lodged a proposed order with the court concerning the August 2019 hearing on October 10, 2019.

According to Petitioner's appellate brief, the parties were unable to agree upon the language to be contained in the proposed order from the August 2019 hearing, resulting in Petitioner's filing of his motion for findings of fact and conclusions of law. Regardless of whether this is accurate, according to the appellate record with which we have been presented, the only order entered by the trial court following the August 2019 hearing was the October 21, 2019 order, which the trial court certified as final. This order was also entered subsequent to the October 17, 2019 hearing, during which Petitioner introduced the now-challenged evidence. In other words, despite any oral ruling that the trial court may have made previously from the bench, the trial court did not enter a written order following the August 2019 hearing until October 21, 2019. Accordingly, this is the order that we must review. *See Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015) ("It is well-settled that a trial court speaks through its written orders—not through oral statements contained in the transcripts—and that the appellate court reviews the trial court's written orders." (quoting *Anil Constr. Inc. v. McCollum*, No. W2013-01447-COA-R3-CV, 2014 WL 3928726, at *8 (Tenn. Ct. App. Aug. 7, 2014))).

Although Contestants urge that the trial court erred by admitting evidence at the October 2019 hearing when the court had already dismissed Contestants' complaint at the

end of the August 2019 hearing, the trial court did not enter an order dismissing Contestants' complaint until October 21, 2019, following the October 2019 hearing. As such, Contestants cannot rely on the trial court's oral statement made at the conclusion of the August 2019 hearing as if it were a final order. *See Williams*, 465 S.W.3d at 119; *see also Stidham v. Fickle Heirs*, 643 S.W.2d 324, 328 (Tenn. 1982) (explaining that an interlocutory ruling "can be revised at any time before entry of final judgment."). Moreover, based on our review of the transcript from the October 2019 hearing, we note that Contestants did not object to the introduction of Petitioner's testimony at the hearing.[2]

During the hearing, Petitioner testified that Contestants had received various items of Decedent's property pursuant to the Will. The trial court subsequently made findings of fact in the October 2019 order, determining that Contestants had received the property. Because there was not yet a written order dismissing Contestants' complaint, we determine that the trial court did not err in considering Petitioner's testimony provided during the October 2019 hearing and that the court properly relied upon same in rendering its factual findings in the October 21, 2019 order. This issue is without merit.

Furthermore, because Contestants were still parties to this action at the time Petitioner sent his requests for admissions pursuant to Tennessee Rule of Civil Procedure 36.01, Contestants' failure to respond to the requests rendered the matters contained within such requests conclusively admitted. *See* Tenn. R. Civ. P. 36.01, 36.02. Upon remand, therefore, the trial court may properly rely upon these admissions in making any further rulings.

## V. Estoppel and Will Contest

Contestants contend that the trial court erred in determining that they were estopped from contesting Decedent's Will based solely on the fact that they had received certain items of Decedent's personalty following her death. Petitioner counters that pursuant to well-settled Tennessee precedent, Contestants could not contest the Will without first returning the property they received following Decedent's death.

Petitioner relies upon this Court's ruling in *Fitch v. Am. Tr. Co*., 4 Tenn. App. 87, 91 (1926), wherein this Court elucidated:

> The rule of estoppel to contest a will is founded on the doctrine of election. One who has received a benefit under a will cannot thereafter contest its validity. As a condition precedent to his right to contest he must restore the benefit received.

---

[2] Petitioner also presented copies of unanswered requests for admission that he had served upon Contestants, to which Contestants did object.

We emphasize, however, the Court's continuing explanation:

> Estoppel is a branch of the law of evidence and has its foundation in fraud, not that there must be intentional fraud, but the person estopped is considered by his admissions, declarations or conduct to have misled another to his prejudice, so that it would work a fraud to allow the true state of facts to be proven. It is one of the necessary elements of an estoppel that the party pleading it must have been misled to his injury; that is he must have suffered a loss of a substantial character, or have been induced to have altered his position for the worse in some material respect.

*Id*. Such estoppel "does not preclude a contest when the interest taken by the contestant under the will in specific property constituting only a part of the estate is the same he would take in such property in case of intestacy." *Neal v. Crook*, 2 Tenn. App. 364, 367 (1926). The *Neal* Court went further to explain: "To estop a party from the assertion of legal rights, it must as a general rule, appear that the party was apprised of his rights, and intentionally by acts, silence or acquiescence, influenced the conduct of the person setting up the estoppel in his injury." *Id*.

Our Supreme Court has further instructed concerning estoppel to contest a will:

> Estoppels are not favored in the law. Indeed, it has been said that they are odious. This is for the reason that estoppel precludes a party from asserting the truth or enforcing a right which he is otherwise entitled to, and, therefore, unless by his conduct another's rights have been prejudiced, the principle will not be applied.

*Rogers v. Colville*, 238 S.W. 80, 83 (Tenn. 1922) (internal citations omitted). In Tennessee, "great emphasis is placed upon the necessity of the party claiming the estoppel to have been prejudiced by the conduct of the party against whom the estoppel is asserted." *McClure v. Wade*, 235 S.W.2d 835, 839 (Tenn. Ct. App. 1950).

In the case at bar, Petitioner testified and the unanswered requests for admissions established that Contestants acquired items of Decedent's personalty following her death, including an automobile, furniture, money, and silver. Petitioner further testified that after receiving certain items of personalty, Ms. Morton stated, "That's all I want." When questioned during trial regarding whether he had discussed with his sisters "the fact that you were all entitled to everything else and by agreement these things were taken," Petitioner responded:

> Yes. I mean, sort of. You know, I think they knew. And my intention after a suitable period of mourning was to have everybody to come and we

would divide things. And there's another sister involved, who is not involved in this will, who would have had to have some, you know, say about what she wanted, et cetera.

Significantly, Petitioner did not testify or otherwise prove that he was misled by Contestants "to his injury," that he suffered "a loss of substantial character," or that he had been induced to alter his position for the worse. *See Fitch*, 4 Tenn. App. at 91. In short, Petitioner failed to show that he was prejudiced by the conduct of Contestants. *See McClure*, 235 S.W.2d at 839.

The trial court concluded in its final order that Petitioner's "rights would be prejudiced by allowing the will contest to go forward." The only factual finding that supports this conclusion is the court's determination that "[f]urther litigation would cause undue expense." Although we agree that further expense will result if the will contest is allowed to proceed, such reason is not sufficient to establish that Petitioner's rights would be prejudiced so as to enforce an estoppel. As explained above, in order to estop a will contest, the required prejudice must be demonstrated to be a result of "the conduct of the party against whom the estoppel is asserted." *See id.*

The proof demonstrated that Petitioner resided in Decedent's home that was devised to him in the Will and that he presumably continues to do so. Contestants, who are also Decedent's children, clearly would have been entitled to property from Decedent's estate had she died intestate. Moreover, Petitioner did not demonstrate that Contestants were given more than their fair share because he was complying with the Will's provisions. In fact, Petitioner did not establish that Contestants had been apprised of the Will or its contents at the time they removed the items of personalty following Decedent's death. Upon vesting of title to Decedent's real property, Petitioner received a greater share of Decedent's estate than his siblings, and therefore he failed to demonstrate that his rights were adversely impacted by Contestants' receipt of certain items of personalty.

We conclude that Petitioner failed to establish that he would suffer a prejudice of his rights if the will contest were allowed to proceed, that he had been injured by suffering a substantial loss, or that he had been "induced to [alter] his position for the worse" by any actions of Contestants. *See McClure*, 235 S.W.2d at 839, *Fitch*, 4 Tenn. App. at 91. *See also Rogers*, 238 S.W. at 83. As such, Petitioner failed to demonstrate that the requirements of estoppel to contest a will had been met, and the trial court's judgment enforcing such an estoppel must be vacated.

## VI. Conclusion

For the foregoing reasons, we vacate the portion of the trial court's October 2019 order dismissing Contestants' complaint seeking to contest the Will, and we remand this

matter to the trial court for further proceedings consistent with this opinion.  Costs on appeal are taxed one-half to the Petitioner, Christopher Schaumberg, and one-half to Contestants, Kyle Schaumberg and Karen Morton.


s/ Thomas R. Frierson, II

_____

THOMAS R. FRIERSON, II, JUDGE