IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

---

### NASHVILLE. DECEMBER TERM, 1905

---

JAMES T. BASHAW, Exr., *v.* C. L. TEMPLE et al.

(*Nashville.* December Term, 1905).

1. **PRO CONFESSO.** Not to be set aside except for good cause and upon answer showing merits.

    It is erroneous for the chancellor to set aside an order *pro confesso* without good cause shown and without requiring the filing of an answer showing merits. (*Post, pp.* 598, 599.)

    Code cited and construed: Sec. 6185 (S.); sec. 5118 (M. & V.); sec. 4375 (T. & S. and 1858).

2. **SAME.** Admits bill as against defendants served with process; and puts in issue bill as against nonresidents, when.

    An order *pro confesso* against defendants served with process amounts to an admission of the allegations of the bill; but such order against defendants proceeded against by publication as nonresidents without attachment of property only puts the bill in issue. (*Post, p.* 599.)

    Code cited and construed: Sec. 6181 (S.); sec. 5114 (M. & V.); sec. 4371 (T. & S. and 1858).

( 596 )

Bashaw, Exr., v. Temple.

3. **JURISDICTION.** For sale of lands to pay debts of decedent in chancery and circuit courts, and concurrent in county court.

Jurisdiction of the chancery and circuit court conferred, by sections 4000 to 4003, inclusive, of Shannon's Code, for the sale of the lands of a decedent for the payment of the debts after the exhaustion of the personalty, is possessed by the county court as concurrent with said courts under sections 6071 and 6112 of said Code. (*Post, p.* 600.)

Code cited and construed: Secs. 4000-4003, 6071, 6112 (S.); secs. 3105-3108, 5005, 5045 (M. & V.); secs. 2267-2270, 4233, 4302 (T. & S. and 1858.)

Cases cited and approved: Kindell v. Titus, 9 Heis., 727; Burgner v. Burgner, 11 Heis., 731; Linnville v. Darby, 1 Bax., 307; Norville v. Coble, 1 Lea., 467.

4. **ADMINISTRATION.** Suggestion of insolvency is not effective or operative. unless publication is made.

The suggestion of insolvency of the estate of a decedent must be followed by the publication thereof prescribed by statute to give the insolvency proceeding the status of a *lis pendens* in the county court, and to operate as an injunction against suits against the personal representative. (*Post, pp.* 602, 603.)

Code cited and construed: Secs. 4068-4070, 4072 (S.); secs. 3173-3175, 3177 (M. & V.); secs. 2328, 2330-2332 (T. & S. and 1858).

Cases cited and approved: Rhea v. Meredith, 6 Lea, 605, 607, 608; Bates v. Elrod, 13 Lea, 156, 159.

5. **SAME.** Same. Jurisdiction in chancery to sell lands to pay debts, though estate is worth less than one thousand dollars, where there has been no suggestion of insolvency and publication thereof.

The chancery court has jurisdiction of a suit to subject the lands of a decedent to the payment of his debts, though the estate is of less value than one thousand dollars, where there has been no suggestion of insolvency and publication thereof, or where there has been such suggestion, but no publication thereof. (*Post, pp.* 599, 603.)

Bashaw, Exr., v. Temple.

Code cited and construed: Secs. 4000-4003, 4070, 4072 (S.); secs. 3105-3108, 3175, 3177 (M. & V.); secs. 2267-2270, 2330, 2332 (T. & S. and 1858.)

6. **SAME.** Realty and personalty specifically willed must con tribute equally to payment of debts.

Where the realty and personalty are specifically devised and bequeathed, both must contribute equally to the payment of the debts. (*Post, p.* 604.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —JOHN ALLISON, Chancellor.

BAXTER SMITH, for complainant.

JAMES L. WATTS, for defendants.

MR. JUSTICE NEIL delivered the opinion of the court.

The bill alleged the death of Mrs. Temple, the making and probating of her will nominating complainant as executor, his appointment and qualification as such in the county court of Davidson county, the suggestion of insolvency, the existence of certain debts mentioned in detail, and the fact that the personalty was practically of no value, but that the estate, real and personal, exceeded the value of $1,000; and the prayer was that the administration be transferred from the county court to the chancery court, and be there conducted.

One of the defendants filed an answer, admitting all of the allegations of the bill, and there was an order *pro confesso* as to all of the other defendants.

The chancellor erroneously set aside the order *pro confesso,* without any good cause having been shown therefor, so far as the record discloses, and without requiring the filing of an answer showing merits. Shannon's Code, section 6185.

All of the defendants against whom the order *pro confesso* was entered, save one, had been served with process, and the order against them amounted to an admission of the allegations of the bill.

One of the defendants, however, V. D. Temple, was proceeded against by publication as a nonresident without attachment of property, and as to him the order only but the bill at issue. Shannon's Code section 6181.

In this posture of the case the chancellor referred the cause to the master to make a report upon debts and as to the amount and value of the property of the estate real and personal. A report was made pursuant to this order, but was set aside, and the former reference was renewed. A report was made by the master, in response to this reference, showing that debts were owing to the amount of $100.90, setting out the names of the different creditors, that personal assets were left to the value of $100, and two tracts of land, one, composed of twelve acres, worth $360, and another, composed of twenty-three acres, worth the same, or $720 as the value of all the real estate, and $800 as the value of the whole estate, real and personal.

. The chancellor thereupon dismissed the bill on the ground that the chancery court had no jurisdiction, since the report showed that the estate real and personal did

not amount to $1000 in value. Shannon's Code, section 4102.

The court of chancery appeals reversed the decree of the chancellor, and remanded the case to the chancery court for further proceedings, on the ground that, while the bill could not be properly retained in the chancery court as a bill for the administration of an insolvent estate, yet that it could be treated as one filed under the act of 1827 (Shannon's Code, sections 4000—4003), and as such should have been retained.

The difficulty suggested by the facts stated arises out of the progressive nature of our ligislation upon the subject. Under the act of 1827, carried into Shannon's Code at sections 4000—4003 (Code 1858, sections 2267-2270), jurisdiction was vested in the circuit and chancery courts of the State to sell land for the payment of the debts of decedents after the exhaustion of the personal estate. Construed in connection with Shannon's Code section 6071 (Code 1858, section 4233, based on Acts 1837-38, p. 222, c. 156), and section 6112 (Code 1858, section 4302), it has been held that the jurisdiction of the county court is concurrent with that of the circuit and chancery courts under the said act of 1827. *Burgner* v. *Burgner,* 11 Heisk., 731; *Kindell* v. *Titus,* 9 Heisk., 727; *Norville* v. *Coble,* 1 Lea, 467; *Linnville* v. *Darby,* 1 Baxt., 307.

The purpose of the act of 1827 was to correct two evils which had grown up under the act of 1784 in the administration of estates, viz., the great accumulation of costs

consequent upon each creditor attempting to obtain satisfaction out of the real estate descended to the heirs, through separate suits, and the consumption of the estate by a portion only of the creditors to the entire deprivation of others. *Dulles v. Read,* 6 Yerg., 53, 65, *et seq.* It was held in the case just referred to that upon the filing of the bill, an injunction might issue forbidding the prosecution of separate suits and compelling a settlement of the whole estate in the one litigation, wherein the personal assets would be ascertained and applied *pro rata* upon debts, and then a sufficiency of the land sold for the payment of debts, or in case there should not be enough for the payment of all, then that the proceeds of the land should be applied *pro rata* upon the debts.

But despite this act there were still frequent instances in which some creditors were enabled to obtain an unfair advantage of the administrator, or over other creditors, by means of very prompt proceedings, and also as the result of the higher nature of certain classes of debts, over others, entitling the former to priority, as pointed out in *Mosier* v. *Zimmerman,* 5 Humph., 62. To remedy these defects in the system, the insolvency acts of 1833 and 1838, referred to in that case, were passed. The provisions of these acts were much enlarged by subsequent statutes which are embodied in Shannon's Code, sections 4064 to 4138, inclusive, by which means a complete system for the administration of insolvent estates was created.

This system can be put into operation in any case by a simple suggestion of insolvency made to the clerk of the county court by the administrator or executor, or by any creditor (Shannon's Code, sections 4068, 4069), followed by a certain publication provided by the Code (Shannon's Code, sections 4070, 4072). This suggestion of insolvency and the publication thereof, in the manner provided by law (Shannon's Code, section 4070), operates as an injunction in all cases against the bringing of any suit, before any jurisdiction whatever against the administrator or executor of such insolvent estate (Shannon's Code, section 4072). It at once becomes the duty of all creditors to file their demands within the time fixed (Shannon's Code, section 4070), with the exception of those involved in pending suits, and these may proceed to judgment, and the judgments shall then be filed (Shannon's Code, section 4073). Provisions are made for the contesting claims (Shannon's Code, sections 4074-4076), the scheduling of assets (Shannon's Code, section 4077), and the sale of the lands of the estate, and the appropriation of the proceeds upon the debts (Shannon's Code, sections 4078-4091). The foregoing all pertain to the procedure in the county court. There are subsequent provisions (Shannon's Code, sections 4102-4138), which pertain to the transfer (Shannon's Code, section 4121) of the case to the chancery court and its administration of the estate in that tribunal.

But the mere suggestion of insolvency does not of itself amount to the bringing of a suit in the county court.

To have this effect it must be followed by the publication provided for in Shannon's Code, sections 4070, 4072. Then the insolvency proceedings attains the status of a *lis pendens,* and not before. *Bates* v. *Elrod,* 13 Lea, 156, 159; *Rhea* v. *Meredith,* 6 Lea, 605, 607, 608.

In the present case it does not appear that anything further was done in the county court than a mere suggestion of insolvency. No publication in that court is shown. Hence the estate of Mrs. Temple has not yet been brought within the scope of the insolvency statutes.

The decree of the chancellor was based on the assumption that the county court had acquired jurisdiction of the case. Acting upon this assumption, and upon the fact that the estate real and personal did not equal in value $1,000, he declined to grant an order removing the case from the county court, but on the contrary dismissed it out of the chancery court.

It is clear that, if no suggestion of insolvency had been made, the chancery court would have had jurisdiction of the controversy under the act of 1827, although the property of the estate was of less value than $1,000, inasmuch as the act of 1827 imposes no such limitation upon the jurisdiction of the court when acting under that statute.

It may seem somewhat singular that the chancery court should have jurisdiction of the small estate referred to in the one event and not in the other; but so our statutes read, and we cannot change them.

It results that the court of chancery appeals acted correctly in reversing the chancellor and remanding the cause.

However, one difficulty is suggested by the facts recited in the report of the master to the effect that there was personal estate to the value of $100, and from the further fact, shown in the findings of the court of chancery appeals, that this personalty was specifically bequeathed, and that the twenty-three acres of land sought to be sold, was specifically devised. The result of these facts would be that the two kinds of property would stand upon an equal footing as respects the payment of debts, and would have to contribute equally. Pritchard on Wills, section 471, p. 453; 1 Am. & Eng. Ency. Law (2d Ed.), p. 55, 56.