Harness v. Hughett.

NOAH HARNESS *et al. v.* JOHN HUGHETT *et al.*

(*Knoxville.*    September Term, 1906.)

1. **CIRCUIT COURT. Has no jurisdiction to order a sale of decedent's land, when.**

   The circuit court has no jurisdiction to order a sale of lands, on appeal from a decree of the county court dismissing a petition filed by the administrator of· an insolvent estate to sell the lands of his decedent for the payment of debts of the estate; and a purchaser at such sale acquires no title.

   Code cited and construed: secs. 4066-4094, 4879 (S.); secs. 3171-3199, 3864 (M. & V.); secs. 2327-2354, 3147 (1858).

2. **COUNTY COURT. Jurisdiction and procedure in administration of insolvent estates of $1,000 and under, and appeals therefrom.**

   The statutes conferring exclusive jurisdiction on the county court in the administration of insolvent estates of the value of one thousand dollars and under, present a complete plan for the administration of such estates; and, although appeals from the decision of the clerk of the county court as to disputed assets, or disputed claims against the estate, or claims of a doubtful character brought forward by the personal representative, or from the judgment of the county court confirming the report of the clerk upon the liabilities and assets of the estate, may be prosecuted to the circuit court and from there to the supreme court, yet the final adjudication of the superior court upon such appeals is to be certified back to the county court, and such appeals do not transfer the administration of the estate to the circuit court, and the county court does not thereby lose its jurisdiction over the final distribution of the proceeds of the estate among its creditors.

   Code cited and construed: secs. 4066-4094 (S.); secs. 3171-3199 (M. & V.); secs. 2327-2354 (1858).

   Case cited and approved: Bashaw v. Temple, 115 Tenn., 596.

FROM SCOTT.

Appeal from the Chancery Court of Scott County.—
HUGH G. KYLE, Chancellor.

BAKER & KEEN and TEMPLETON & TEMPLETON, for
Hughett et al.

YORK & CECIL, for Harness et al.

MR. CHIEF JUSTICE BEARD delivered the opinion of
the Court.

The complainants filed the present bill as heirs at law
of Thomas Harness, who died intestate in Scott county,
in this State, in February, 1893, against the defendants
John Hughett and Jerry Harness, asking that deeds
which were executed to these two defendants in 1898
by the clerk of the circuit court of that county to cer-
tain real estate, of which the ancestor of the complain-
ants died seized and possessed, should be set aside as a
cloud upon their title, upon the ground, as alleged by
them, that the court, under whose orders this clerk was
acting in the execution of these deeds, was without juris-
diction in the cause in which those orders were passed.
The court of chancery appeals finds as facts that the

Harness v. Hughett.

defendant Jerry Harness, having qualified as the administrator of the intestate in the county court of Scott county, in the process of the administration of the estate suggested its insolvency, and that, upon a statutory order made by the clerk of that court, he advertised for creditors of the estate to present and establish their claims against the same. The estate thus administered was worth less than $1,000, and as such its administration as an insolvent estate was within the exclusive jurisdiction of the county court. After a time the administrator, Harness, filed his petition in that court against the complainants in the present cause as the heirs of Thomas Harness, in which he alleged that the estate of his intestate was insolvent, and that the claims filed and authenticated against the estate amounted to more than $400, while the total personal estate did not exceed $50. It was also alleged by him in this petition that Thomas Harness died seized and possessed of certain lands which were fully described therein, these being the lands in controversy in the present cause, and he asked that a sufficiency of these lands be sold to satisfy the indebtedness of the estate. In that proceeding the guardian *ad litem,* appointed to represent the minor complainants, filed an answer for them. The adult defendants also filed an answer in which they insisted that all the claims which had been presented by parties claiming to be creditors of this estate were barred by the statute of limitations, and they averred that the estate was not insolvent, and also denied that the personal property had

been exhausted by the payment of debts. Subsequently to the filing of this petition and these answers, by order of the county court, the case was referred to the clerk of that court to ascertain and report the valid subsisting claims that had been filed with the administrator and which remained unpaid at that time. Later the following order was entered by that court:

"In the County Court. December Term, 1897. This cause coming on this day to be heard upon the petition to sell the lands of Thomas Harness, deceased, to pay his debts, and upon the answer of heirs of said Thomas Harness, and upon the proof, from all of which it duly appears to the court that the personal assets are wholly sufficient to pay all the valid claims against said estate, and that the sale of the real estate is not necessary to satisfy the valid claims of said estate. It is therefore ordered and decreed by the court that W. M. York be allowed the sum of $5.38, to be paid out of said estate, for defending the minor heirs, Leroy and Pernia Harness, as guardian *ad litem*. It is further ordered and decreed by the court that this cause be dismissed, and that Jerry Harness, as principal, and Tim Sexton, as surety, pay the cost of this cause, for which execution may be issued. From the foregoing decree complainants pray an appeal to the next term of the circuit court of Scott county, and he having taken and subscribed to the oath *in forma pauperis*, as provided by law, said appeal is granted."

Upon this appeal taken by the defendant Jerry Har-

ness, alone, as administrator, the cause was carried into the circuit court.   Many irregularities are noted in the proceeding of that court, which upon direct appeal might very well have been made the ground of reversible error. In the view, however, that we take of the cause, it is unnecessary to notice these.   The result of the appeal and the pendency of the cause in that court was that a decree for the sale of the lands of Thomas Harness, as described in the present bill, was passed, and under this decree the clerk made public sale, at which one of the tracts was purchased by defendant Jerry Harness and the other by the defendant John  Hughett.   Thereafter, under  an order of that court, the clerk made to these parties deeds for their several purchases.   These are the proceedings that are impeached in this bill as being had by the circuit court without jurisdiction, and these deeds the complainants seek  to set aside as clouds upon their title. The only question in the case is one of jurisdiction, and that is, had the circuit court the right to entertain that cause and pass the decree and order just referred to? This question is answered by reference to the provisions of the Code which govern the administration of insolvent estates, in cases over which the county court, under section 4066 of Shannon's Code, has exclusive jurisdiction.

These provisions are found in the sections of Shannon's Code running from 4067 to 4094, which are codified from chapter 283, p. 511, of the Acts of 1851-52, entitled "An act to amend and reduce into one the several acts for the administration of insolvent estates."   We think it

clear from an examination of these sections, especially when made with reference to the provisions of the original act, that the circuit court was without jurisdiction in the decrees for sale and order for the execution of the deeds in the case referred to. As has been already stated, section 4066 by express terms confers exclusive jurisdiction on the county court in the administration of all insolvent estates not exceeding the value of $1,000, and then provides that "this jurisdiction shall be exercised" in the manner pointed out in certain of the succeeding sections. By section 4068 it is directed that the executor or administrator, upon ascertaining that the estate committed to his charge is insolvent, shall make suggestion thereof to the clerk of the county court or his legally appointed deputy. A creditor of the estate, by section 4069, may make this suggestion; but he does so at his peril, so far as costs are concerned. Whenever and by whomsoever the suggestion is made, by section 4070, it is provided that the clerk shall make an order upon the executor or administrator to give notice by advertisement in some newspaper published within the State, and also at the courthouse door of the county, for all persons having claims against the estate to appear and file the same authenticated in the manner prescribed by law, on or against a day to be fixed in such notice. By section 4072 the suggestion of insolvency and advertisement thereof operates as an injunction in all cases against the bringing of any suit against the legal representative of the estate. By section 4074 the

administrator or executor is authorized to contest the validity of any claim presented, and to urge against the same any defense available in law or equity, and the clerk, under the authority of section 4075, in all cases where the claims of creditors are disputed by the executor or administrator, or there shall be assets that are disputed, or claims of doubtful character brought forward by executor or administrator in his own favor, the clerk is to adjudicate and determine the same, and by authority of the succeeding section (4076) an appeal from his decision as to any one of these matters may be prosecuted to the circuit court by a party dissatisfied with the same. Upon this being done, it is made the duty of the clerk of the county court to certify his decision to the circuit court of his county at its next term where such issue is to be formed under the direction of the court without writ or declaration, and the judgment of the court thereon, or of the supreme court, if an appeal be taken to it, shall be certified back to the county court. When the claims have been filed, and those contested have been adjudicated, the clerk shall make an order on the administrator or executor that on or before a day to be appointed in such order he shall file with the clerk of the county court a true and perfect schedule of the amount of the estate, personal as well as real property (section 4077). When this schedule contains real estate the same may be sold on the petition of the executor or administrator, addressed to the county court in which the administration is pending, stating

the facts succinctly, and making the widow, heirs, or devisees parties thereto and serving them with personal process, or by publication, as the case may be (section 4078). By section 4081 it is provided that the proceeds of the real estate, sold in accordance with the prayer of this petition, after the payment of costs, shall be inserted in the schedule provided for in section 4077, and "applied in the same proportion to the satisfaction of claims as the money and personalty of the deceased." This is to be done upon an account taken and stated by the clerk, "in which he shall show the amount of each creditor's claim that is allowed, and the amount to be paid by the administrator or executor in satisfaction of said claims" (section 4082). Sections 4083 and 4084 embrace provisions with regard to this report of the clerk and exceptions that may be made thereto, while section 4085 provides for an appeal to the circuit court by any one interested in and dissatisfied with the report after the same has been confirmed, while section 4089 provides that "after the appeal is finally disposed of, the cause shall be remanded back to the county court to be proceeded in according to the decision of the court to which the appeal was taken." This appeal, however, from the judgment of the county court confirming this report, does not interfere with the jurisdiction of that court over the administration of the insolvent estate. Section 4087 in express terms provides against this. It is in these words: "The appeal shall not take the administration of the estate out of the county court pend-

ing the appeal; but said administration may be proceeded on as to everything not touched or affected by the appeal in the same manner as though the appeal had not been taken."

We think these sections of the Code present a complete plan for the administration of an insolvent estate (*Bashaw* v. *Temple,* 115 Tenn., 596, 91 S. W., 202), over which the statute gives the county court exclusive jurisdiction. While supervision over the decision of the clerk of that court as to disputed claims against the estate, or disputed assets, or claims of a doubtful character brought forward by its legal representative, may be taken by a dissatisfied party to the circuit court, and from that court to the supreme court for a final adjudication, and an appeal from the judgment of the court confirming the report of the clerk, as directed in sections 4083 and 4084, may be prosecuted, yet in each case the adjudication of the superior court upon the issues involved in these appeals is to be certified back to the county court, which by neither appeal loses its jurisdiction over the final distribution of the proceeds of the estate among its creditors. We think it clear that it was not contemplated by the original statute, or by these provisions of the Code, to transfer the administration of such an estate to the circuit court, with authority to that court to dispose of the assets of the estate and divide the moneys arising from these assets among the creditors of the estate.

117 Tenn—32

But it is insisted that section 4879 of Shannon's Code authorized the appeal in question, and necessarily conferred jurisdiction upon the circuit court to dispose of the cause in its entirety. That section is in these words: "Any person dissatisfied with the sentence, judgment or decree of the county court may pray an appeal to the circuit court of the county unless it is otherwise expressly provided by this Code." While this section authorized the appeal made by the administrator, yet we do not think, in view of the Code sections which have already been referred to, that its purpose was to make so radical a departure, as this insistence involves, from the statutory scheme for the administration of insolvent estates of a value less than $1,000, where this in express terms had been confined within the exclusive jurisdiction of the county court. These sections must be construed as in *pari materia*, and, when so construed, we think the necessary result is that, even under the section just quoted, after settling the controversy which the administrator saw proper to make as to the necessity of the sale of real estate in the case in hand, it was the duty of the circuit court to remand the cause to the county court for further proceeding. Taking all these statutes together, we are entirely satisfied that the circuit court of Scott county was without authority to enter a decree for the sale of the real estate of Thomas Harness in the cause appealed to it, and that the title of the complainants, his heirs, was not affected by the decree of that

Harness v. Hughett.

court, or by the sale made by the clerk of the court in obedience thereto.

The decree of the court of chancery appeals is therefore affirmed.