THEODOSIA EASON *v.* GEORGE GAINES, *Admr.*

*(Jackson.* April Term, 1913.)

APPEALS. Lie from probate court of Shelby county to court of civil appeals where amount involved does not exceed one thousand dollars.

Under the statute (Acts 1870, ch. 86, Shannon's Code, sec. 387), providing that appeals from the probate court of Shelby county shall lie directly to the supreme court, and to no other court; and under the statute (Acts 1907, ch. 82), creating the court of civil appeals, and construed to provide (in section 7 thereof) that appeals from the probate court of Shelby county that formerly (under the first mentioned act) lay to the supreme court should lie to the court of civil appeals, where the amount involved does not exceed one thousand dollars, because the later statute operated to supersede the former statute to the extent that it provided that such appeals should lie to no other court than the supreme court, so that appeals from said probate involving an amount not in excess of one thousand dollars lie to the court of civil appeals, and not to the supreme court. Code cited and construed: Sec. 387 (S.); sec. 354 (M. & V.); sec. 316h (T. & S.).

Acts cited and construed: Acts 1870, ch. 86; Acts 1907, ch. 82, sec. 7.

---

FROM SHELBY.

---

Appeal from the probate court of Shelby county.— J. S. GALLOWAY, Judge.

Eason v. Gaines.

H. D. HUGHEY, J. H. MALONE, and HUGHEY & McDON-
ALD, for Eason.

S. O. BATES; for Gaines.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

This cause, standing on appeal to this court, will, on
motion, be transferred to the docket of the court of
civil appeals.  While the act creating the probate court
of Shelby county (Acts of 1870, ch. 86; Shannon's Code,
sec. 387) provided that "from said court an appeal
shall lie directly to the supreme court of this State, and
to no other court," yet the latter act (Acts 1907, ch.
82), which regulates appeals to the court of civil ap-
peals, and in so far to this court, had the effect of pro-
viding that such appeals from the probate court, that
formerly lay to this court, should lie to the court of
civil appeals, when the amount involved is not in excess
of $1,000, which is the case on this appeal

The statute, providing that an appeal shall lie "to
no other court" than the supreme court, had it been
passed subsequent to the act creating the court of civil
appeals, might have availed to give this court jurisdic-
tion; but it is clear that such later enactment touching
the jurisdiction of the court of civil appeals fixed the
primary jurisdiction, in cases formerly properly appeal-
able to this court, with the court of civil appeals, not-
withstanding the last-quoted clause.

It will be for determination by that court, after transfer (subject, of course, to review by this court), whether the appeal in this cause was properly one to be prayed from the decree of the probate court to the circuit court of Shelby county, rather than to that court—a question sought now to be raised before us, but one that we cannot pass upon for lack of jurisdiction.