MARY L. SHALLER *v.* F. BRUCE GARRETT *et al.*

:(*Jackson.*   April Term, 1913.)

1. **WILLS.**  **Proceeding to set aside probate in common form presents a preliminary controversy, requiring a decision, with right of appeal, before the contest.**

 A proceeding in the county court to set aside the common form probate of a will is a distinct matter of preliminary investigation, constituting the *corpus* of a legal  contestation, proper to be settled, finally, before the issue of *devisavit vel non* shall be tried; and a preliminary appeal lies from the judgment in such controversy before the trial of the issue of *devisavit vel non.*   (*Post, p.* 667.)

 Cases cited and approved:  Wynne v. Spiers, 7 Humph., 406-410; Keith v. Raglan, 1 Cold., 474; Crocker v. Balch, 104 Tenn., 6; Cowan v. Walker, 117 Tenn., 140.

2. **APPEAL.**  **To the circuit court lies from judgment of county court in proceeding to set aside common form probate of will.**

 A preliminary appeal lies to the circuit court from the judgment of the county court in a proceeding to set aside the common form probate of a will.  (*Post, pp.* 667, 668.)

 Case cited and approved:  Wynne v. Spiers, 7 Humph., 406-410.

3. **SAME.**  **Same.**  **From judgment of probate court of Shelby county in proceeding to set aside common form probate of will lies to court of civil appeals.**

 Under the statute (Acts 1870, ch. 86, Shannon's Code, sec. 387), creating the probate court of Shelby county, and providing that from that court an appeal shall lie directly to the supreme court, and to no other court, an appeal from the judgment of such probate court lay to the supreme court, and not to the:

circuit court; but under the statute (Acts 1907, ch. 82), creating the court of civil appeals, and construed to provide that the appeals from said probate court that formerly (under the first mentioned act) lay to the supreme court should lie to the court of civil appeals, where the amount involved does not exceed one thousand dollars, an appeal to the court of civil appeals lies from the judgment of said probate court dismissing a petition to set aside the common form probate of an alleged will.

Code cited and construed: Sec. 387 (S.); sec. 354 (M. & V.); sec. 316h (T. & S.).

Acts cited and construed: Acts 1870, ch. 86; Acts 1907, ch. 82.

Cases cited and approved: Key v. Harris, 116 Tenn., 161; Eason v. Gaines, 127 Tenn., 662.

---

FROM SHELBY.

---

Appeal from the Probate Court of Shelby County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court. —J. S. GALLOWAY, Probate Judge.

PAUL W. EVANS, for Shaller.

BELL, TERRY & BELL, J. H. MALONE, T. K. RIDDICK, and CARUTHERS EWING, for defendants.

---

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Under a petition filed by Mary L. Shaller in the probate court of Shelby county to set aside the probate therein in common form of an instrument claimed to be the last will and testament of a Mrs. Cloth, and to have

that instrument certified to the circuit court of the county for contest upon an issue of *devisavit vel. non,* the probate court, on a defense, set up; by the proponent, of an estoppel of the petitioner by reason of an agreement entered into ] her in that court, adjudged that her petition be dismissed. Appeal by her was prayed to the court of civil appeals, which held that it had not jurisdiction, and that the case should have gone on appeal to the circuit court of Shelby county.

In the case of *Wynne* v. *Spiers,* 7 Humph., 406-410, decided in 1846, it was held that a proceeding to set aside a probate in common form is a distinct matter of preliminary investigation, constituting the *corpus* of a legal contestation, proper to be settled, finally, before the issue of *devisavit vel non* be tried, so far forth as that a preliminary appeal could be prayed in respect of the judgment. This ruling was followed in *Keith* v. *Raglan,* 1 Cold., 474; *Crocker* v. *Balch,* 104 Tenn., 6, 55 S. W., 307, and *Cowan* v. *Walker,* 117 Tenn., 140, 96 S. W., 967.

It was further said, in *Wynne* v. *Spiers,* that an appeal lay to the circuit court; the judgment being one of a county court.

It is argued that since and under Acts 1870, ch. 86 (Shannon's Code, sec. 387) creating the probate court of Shelby county, and providing that "from said court an appeal shall lie directly to the supreme court of the State, *and to no other court*" (the italicized clause being omitted from Shannon's Compilation), the appeal should lie from the final judgment on this distinct contest, in

that particular court, to the court of civil appeals, under the ruling of this court in *Eason* v. *Gaines,* 127 Tenn., 662, 156 S. W., 1084.

What construction shall be placed on the language quoted above from the statute to the effect that appeals shall lie to "no other court?"

The right of appeal from a county court, proper, to this court, is, under governing statutes, by no means narrow in scope. *Key* v. *Harris,* 116 Tenn., 161, 168, 92 S. W., 235, 8 Ann. Cas., 200. And it seems to have been the purpose of the legislature by that act to make of the probate court of the most populous county in the State a court of dignity, with jurisdiction augmented far beyond that exercised by the ordinary county court. The judge presiding over it is paid the salary of a circuit court judge; and, in the proportion that the jurisdiction is circumscribed, he is enabled to become a specialist in the field allotted.

The language quoted is broad; it does not reach to or affect matters to be *certified* to the circuit court, such as wills for trial on issue of *devisavit vel non.* Litigation on issues such as that here involved would be speeded, by the adoption of a liberal construction, and materially delayed, as to final conclusion, by a narrow one.

In failing to take due note of this provision, and giving it a liberal construction, to take jurisdiction, the court of civil appeals erred. Writ of *certiorari,* therefore, granted; reversed and remanded to that court for further proceedings under the appeal so properly prayed to it.