GAINES *v.* EASON.

(*Jackson.*    April Term, 1914.)

1. **EXECUTORS AND ADMINISTRATORS.**  Judicial Settle--.
ment of Accounts.

Shannon's Code, section 6027, subsec. 4, gives the county court
original jurisdiction of the settlements of accounts by executors
and administrators; section 4031, relating to the settlement
of solvent estates, requires each executor, or administrator
within two years after qualification to file his accounts with
the clerk of the county court.  Section 4034 requires the clerk
to give notice to parties interested, and section 4038 provides
that any person interested in the estate may except to the
account after it has been stated by the clerk, and, if dissatisfied
with the clerk's decision, may appeal to the county court.
*Held*, that in view of section 4040, providing for an appeal from
the judgment of the county court, that court has jurisdiction
to dispose of the exceptions, and it is not necessary to appeal
from the clerk's decision to the circuit or chancery court as
in case of insolvent estates, and hence in a proceeding in
Shelby county for the settlement of an administrator's accounts,
the probate court had jurisdiction to dispose of exceptions to
such accounts.  (*Post, pp.* 89, 90.)

Cases cited and construed:  Bashaw, ex'r, v. Temple, 115 Tenn.,
596; Key v. Harris, 116 Tenn., 161; Harness v. Hughett, 117
Tenn., 489.

Code cited and construed:  Sec. 6027 (S.); secs. 4031-4046 (S.).

2. **COURTS.**  Jurisdiction.  Court of Appeals.

While Shannon's Code, section 387, provides for a probate court
in Shelby county, and for appeals therefrom to the supreme
court, yet since the creation of the court of civil appeals by
Acts 1907, ch. 82, appeals should be taken from the probate
court to the court of civil appeals, where the amount in con-

Gaines v. Eason.

troversy is within that tribunal's exclusive jurisdiction.  (*Post*, p. 91.)

Case cited and approved:  Eason v. Gaines, 127 Tenn., 662.

Code cited and construed:  Sec. 387 (S.).

---

### FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— G. S. Galloway, Judge Probate Court.

S. O. BATES, for appellant.

H. D. HUGHEY, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case came to us from the court of civil appeals on petition for the writ of *certiorari*. We are of the opinion that the court of civil appeals reached the correct conclusion on all of the questions and the writ must therefore be denied. There is, however, a point of practice upon which we deem it necessary to write a brief opinion.

The complainant was administrator of defendant's husband. Desiring to settle his accounts in the probate court of Shelby county, he caused the clerk of that court to issue a written notice to the defendant inform-

ing her that the settlement would be made on May 15, 1912. This notice was duly served, but she failed to appear on the day fixed. On that day the clerk stated the account, and filed it in his office. On May 31, 1912, defendant appeared by attorney and filed exceptions to sundry items in the settlement. Complainant also filed exceptions. The report and exceptions were then brought to the attention of the judge of the probate court. He passed on them, allowing some of the exceptions, and disallowing others, ascertained the balance against the plaintiff, and rendered judgment therefor. From this judgment an appeal was prosecuted to this court, at the last term. Here the case was transferred to the court of civil appeals, because the amount of the judgment was too small to enable this court to take jurisdiction under chapter 82, Assembly acts of 1907. It was there tried and decided, and came here by petition for *certiorari,* as stated.

In the petition and accompanying brief it was insisted that the exceptions should not have been tried by the probate judge, but by the clerk, and that an appeal should have been prosecuted from his judgment to the circuit court, pursuant to the proceedings laid down in the Code for the adjudication of claims against insolvent estates in course of settlement in the county court. It was thereupon further insisted that neither this court nor the court of civil appeals had jurisdiction of the appeal.

This is a mistaken view. The estate was not an insolvent one. The practice pursued was that laid down

in Shannon's Code, Secs. 4031-4046, inclusive, which concern the settlement of solvent estates. Quite a different plan is provided for the settlement of insolvent estates. We have therefore considered the latter subject in a series of opinions; *Bashaw, Ex'r, v. Temple,* 115 Tenn., 596, 602, 603, 91 S. W., 202; *Key v. Harris,* 116 Tenn., 161, 92 S. W., 235, 8 Ann. Cas., 200; *Harness v. Hughett,* 117 Tenn., 489, 497, 97 S. W., 68.

The county court has original jurisdiction of the settlement of accounts of executors or administrators. Shannon's Code, Sec. 6027, subsec. 4. After the lapse of two years from his qualification every executor or administrator is required to settle his accounts with the clerk of the county court, and once every year thereafter until the administration is closed. Section 4031. If any representative fail to settle in the manner prescribed, the clerk is required to cite him to appear and settle on a given day, to be specified in the citation. Section 4033. No accounting or settlement is to be had until the clerk has served the parties interested and resident within his county, or the agent or attorney of such as reside elsewhere, with notice of the taking of the account at least five days before the day fixed for taking it. Section 4034. If any of the parties interested do not reside in the county, or have no agent in it, the clerk is required to put up a notice on the courthouse door ten days before the account is taken, or publish the notice in a newspaper in the county. Id.

This notice to the interested parties is the beginning of a litis or suit. When the representative qualifies, he submits himself to the jurisdiction of the court, and becomes amenable to its orders. The persons interested in the estate are brought in by the notice required by section 4034.

The clerk, when he deems it necessary, may examine the representative on oath touching his receipts and disbursements. Section 4035. On sufficient cause being made to appear by affidavit, he may continue the taking of the account from time to time. Section 4036. In making up the account he is required to charge the representative with all such sums of money as he has received, or might have received by using due and reasonable diligence, and to credit him with reasonable compensation for his services, and with such disbursements as he supports by lawful vouchers. Section 4037.

After the account has been taken by the clerk any party in interest may file exceptions, and have them acted on by the clerk, and if dissatisfied with the clerk's decision thereon he may appeal to the county court; or he may wait until the clerk presents the report to the court, and then file his exceptions, and have them acted on by the court. Section 4038.

In either event it becomes the duty of the county court to pass on the exceptions, and finally settle the account, and enter judgment accordingly, from which judgment either party may prosecute an appeal to the chancery or circuit court of the county. Section 4040.

In cases of this kind arising in the probate court of Shelby county, the appeal by special statute goes direct to the Supreme Court. Sh. Code, Sec. 387. But, since the creation of the court of civil appeals (Chapter 82, Acts of 1907), it has been held that cases involving amounts cognizable only in the court of civil appeals must be appealed to that court. *Eason* v. *Gaines,* 127 Tenn., 662, 156 S. W., 1084.