IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

WESTERN DIVISION.

JACKSON, APRIL TERM, 1914.

SHALLER *v.* GARRETT *et al.*

(*Jackson.* April Term, 1914.)

1. **CERTIORARI. Review. Findings. Conclusiveness.**
   A concurrent finding of facts by the probate court and of the court of civil appeals cannot be considered in the supreme court on *certiorari* to the court of civil appeals. (*Post, pp.* 478, 479.)

   Cases cited and approved: State ex rel. v. Lee, 124 Tenn., 385; Miller v. Miller, 52 Tenn., 723; Shaller v. Garrett, 127 Tenn., 665.

2. **CERTIORARI. Review. Findings. Conclusiveness.**
   Where the probate court merely dismissed a petition to contest a will, but, before so doing, it must have found that an agreement between the parties was not procured by fraud, and was supported by a sufficient consideration, and the court of civil appeals on appeal affirmed the decree and specifically found

130 Tenn.] (473)

that the agreement was not procured by fraud and was supported by a sufficient consideration, there was a concurrent finding of facts which could not be considered by the supreme court on *certiorari* to the court of civil appeals. (*Post. p.* 479.)

3. **WILLS. Petition for contest. Estoppel.**

A defense, to a petition to contest a will, that a petitioner was estopped because of a prior judgment of the probate court dismissing a prior petition pursuant to an agreement between the petitioner and the defendants does not go to the merits of the issue of *devisavit vel non*, but raises an issue proper to be settled finally before the issue of *devisavit vel non* is tried. (*Post, pp.* 479, 480.)

Case cited and approved: Shaller v. Garrett, 127 Tenn., 665.

4. **JUDGMENTS. Conclusiveness. Evidence outside the record.**

The court, in ascertaining the extent and effect of an adjudication in a prior suit, is not confined to the record in the prior suit, but may hear evidence outside of the record to determine what, in fact, was adjudicated therein. (*Post, pp.* 480, 481.)

Case cited and approved: Harris v. Mason, 120 Tenn., 668.

---

FROM SHELBY.

---

Appeal from the Probate Court of Shelby County to the Court of Civil Appeals, and by writ of *certiorari* to the Court of Civil Appeals from the Supreme Court. —J. S. GALLOWAY, Probate Judge.

PAUL W. EVANS, for Shaller.

BELL, TERRY & BELL, T. K. RIDDICK, J. H. MALONE, and CARUTHERS EWING, for defendants.

MR. JUSTICE FAW delivered the opinion of the Court.

The controversy presented on this record originated in the probate court of Shelby county, and was carried by appeal from that court to the court of civil appeals, and has been brought to this court by writ of *certiorari* to the court of civil appeals.

A petition was filed in the probate court on December 3, 1912, by Mary L. Shaller, claiming to be one of the heirs at law and next of kin of Mrs. Caroline Cloth, deceased, and seeking to have an instrument bearing date of July 19, 1908, and which had been theretofore probated in common form in said court, as the last will and testament of Mrs. Caroline Cloth, deceased, certified to the circuit court of Shelby county, to the end that petitioner might contest its validity on an issue of *devisavit vel non*.

The petition charged that Mrs. Caroline Cloth never executed said instrument, and that it was a forgery and a fraud, and not the will of said Caroline Cloth, deceased.

Miles S. Buckingham, who was named as executor in said will, and who was also a legatee and devisee thereunder, and F. Bruce Garrett, named as a legatee and devisee under said will, were made defendants to said petition.

Defendants filed answers to the petition, and denied the right of petitioner to contest said will. They set up in their answers a written agreement, theretofore entered into and signed by the petitioner, by the terms

of which it was agreed that said will "is the last and valid will and testament of the said Mrs. Caroline Cloth," and that petitioner would "hereafter stand by the agreement."

It was further averred in said answers that petitioner was also estopped to contest said will because of a judgment of the probate court of Shelby county dismissing a petition previously filed, seeking to contest said will, and which was dismissed pursuant to said agreement between petitioner and defendants and others, as heirs at law and next of kin of said Mrs. Caroline Cloth, deceased. The issues thus made up were tried on the pleadings and oral evidence before the judge of the probate court, and that court decreed that said petition be dismissed at the cost of petitioner, whereupon petitioner prayed, and was granted, an appeal to the court of civil appeals.

The court of civil appeals affirmed the decree of the probate court, and the cause has been brought to this court by a writ of *certiorari* to the court of civil appeals, heretofore granted by this court upon the petition of Mary L. Shaller.

The disposition of the cause of *Mrs. Mary Murrell et al.* v. *Mrs. H. Rich et al.*, by the opinion of this court this day handed down through Mr. Justice Buchanan, affirming the judgment of the circuit court of Shelby county, which declared a will known as the "missing page will" and of later date than the will involved in the present cause to be the last will and testament of the said Mrs. Caroline Cloth, deceased, would seem to

leave no real controversy between the parties to this cause upon the issues presented on this record, save the matter of costs, so that we shall undertake to state but little more than our conclusions herein.

The assignments of error are that the court of civil appeals erred:

(1)  In finding that the alleged agreement, upon which the estoppel against petitioner is claimed, was not obtained by fraud.

(2)  In finding that said alleged agreement was supported by a sufficient consideration to make it binding on the petitioner and estop her to contest said alleged will.

(3)  In holding that the defense of estoppel interposed by defendants raised a preliminary question to be determined finally before a trial of the issue of *devisavit vel non* could be had; and in not holding that, if a defense at all, it constituted a defense to the merits of the contest, and could be interposed only on the trial of the issue of *devisavit vel non.*

(4)  In holding that the order of the probate court permitting the heirs at law to withdraw the petition to contest, of date August 13, 1912, rendered the question of petitioner's right to contest said alleged will *res adjudicata,* so that she is precluded from questioning the validity of said alleged will; and in not holding that such order of the probate court was nothing more than a withdrawal of a contemplated suit at its very inception, and hence constituted no bar to the right of any

party then contesting to renew such suit on proper grounds.

(5)   In not holding that said order of the probate court, permitting the withdrawal of said first petition,. was procured by fraud, in that it was based upon, and merely in furtherance of and carrying out, the alleged agreement which had been procured by fraud, and that therefore said probate court order, permitting said withdrawal of said first petition to contest, did not constitute an adjudication against the right of any proper party to contest said alleged will of Mrs. Cloth.

It will be observed that the first, second, and fifth assignments of error are leveled against findings of fact by the court of civil appeals. We are precluded from a consideration of these assignments of error, because there is, in respect of the matters involved in these assignments, a concurrent finding of facts by the probate court and the court of civil appeals.

It was held in the case of *State ex rel.* v. *Lee,* 124 Tenn., 385, 136 S. W., 997, and is the established rule of this court, that where there is a concurrent finding, upon an issue of fact, by the chancellor and the court of civil appeals, this court will accept, and will not go behind, that finding, if there is any evidence to support it.

We think, notwithstanding the able argument of the learned counsel for petitioner to the contrary, that the proceedings and practice in the probate court of Shelby county are analogous to those in our chancery courts (*Miller v. Miller,* 5 Heisk., 723) ; and it has been held

in the case now under consideration that an appeal lies from the probate court of Shelby county to the court of civil appeals. *Shaller* v. *Garrett,* 127 Tenn., 665, 156 S. W., 1084.

We are unable to perceive any sound reason why the rule applicable to a concurrent finding of fact by the chancellor and the court of civil appeals should not be applied to a concurrent finding of fact by the probate court and the court of civil appeals.

It is said, however, for petitioner, that there is no concurrent findings of fact in the present case because the decree of the probate court does not contain a statement of any facts found by that court, but merely decrees that the petition to contest the will in question be dismissed. It is true that the decree of the probate court does not contain in express terms a finding of fact, but the decree necessarily imports a finding of certain facts, because, under the issues made by the pleadings, the decree which was rendered could result only from a finding (1) that the agreement in question was not procured by fraud, and (2) that said agreement was supported by a sufficient consideration.

We must conclude, therefore, that the agreement which it is claimed estopped the petitioner to contest said will was not procured by fraud, and that said agreement was supported by a sufficient consideration to render it valid and binding upon petitioner.

Coming now to the third assignment of error:

We are unable to agree to the contention of petitioner that the matter of estoppel, relied upon by the

defendants, was a defense going to the merits of the issue of *devisavit vel non*. The defense interposed by the answers of defendants raised an issue which constituted "the *corpus* of a legal contestation, proper to be settled, finally, before the issue of *devisavit vel non* be tried." *Shaller* v. *Garrett,* 127 Tenn., 665, 156 S. W., 1084, and cases there cited.

Under the fourth assignment of error, it is insisted that the court of civil appeals erred in holding that the order of the probate court dismissing the petition filed by petitioner and others in August, 1912, and prior to the petition in the present case, seeking to contest said will, rendered the question of petitioner's right to contest said will *res judicata.*

In the ascertainment of the extent and effect of the adjudication in the first suit, the court below was not confined to the record in that case, but it was competent to hear and consider evidence *dehors* the record, in order to determine what, in fact, was adjudicated therein. *Harris* v. *Mason,* 120 Tenn., 668, 115 S. W., 1146, 25 L. R. A. (N. S.), 1011.

As already held, said first petition was dismissed under a valid agreement between the parties to that cause, and we think that agreement could mean nothing more nor less than that the parties intended the judgment of dismissal to amount to a final adjustment of the merits of the controversy involved in that suit, and the judgment, therefore, constituted, in effect, a final adjudication that petitioner had no right to contest said will.

This disposes of all the assignments of error.   It results that the judgment of the court of civil appeals must be affirmed at the cost of the petitioner.