NORA E. MOONEY *et al v.* AMANDA HICKS *et al.*

(*Knoxville.*   September Term, 1920.)

COURTS.   County court's decree in partition appealable to Court of
Civil Appeals as decree in equity; "court of equity."

Under Act 1907, chapter 82, section 7 (Shannon's Code, section
6231), giving the Court of Civil Appeals jurisdiction of all cases
brought up from courts of equity or chancery courts except in
specified cases, the Court of Civil Appeals and not the Supreme
Court has jurisdiction of an appeal from county court's decree in
a partition suit; the county court being a "court of equity" within
such statute.

Acts cited and construed: Acts 1907, ch. 82, sec. 7.

Cases cited and approved: Burns v. City of Nashville, 132 Tenn.,
435; Eason v. Gaines, 127 Tenn., 662; Shaller v. Garrett, 127
Tenn., 665; Nelson v. Theus, 5 Higgins, 87.

Code cited and construed. Sec. 6321 (S.).

FROM HAWKINS.

Appeal from the Hawkins County Court.—HON. T. L.
TESTERMAN, Chairman.

R. C. COLEMAN, for Nora E. Mooney and husband.

PHILLIPS & HALE, for Amanda Hicks.

F. H. PARVIN, guardian *ad litem.*

MR. JUSTICE HALL delivered the opinion of the Court.

This is a partition suit instituted in the county court of Hawkins county. The appeal in the cause was taken by the defendants direct to the court of civil appeals from the decree of said court allowing certain fees to solicitors in the cause and taxing them as a part of the costs thereof.

The court of civil appeals, of its own motion, transferred the cause to this court, being of the opinion that its jurisdiction does not extend to appeals from the county courts of the State, but that jurisdiction of such appeals is, by the terms of the statute, reserved to this court.

The jurisdiction of the court of civil appeals is defined by section 7 of chapter 82 of the act of 1907 (Shannon's New Code, section 6321), which is in words as follows:

"Sec. 7. Be it further enacted, that the jurisdiction of said court of civil appeals shall be appellate only, and shall extend to all cases brought up from courts of equity or chancery courts, except cases in which the amount involved, exclusive of costs exceeds one thousand dollars, and except cases involving the constitutionality of the statutes of Tennessee, contested elections for office, State revenue, and ejectment suits, and to all civil cases tried in the circuit and common-law courts of the State, in which appeals in the nature of writs of error, or writs of error, may be applied for for the purpose of having the action of the said trial court reviewed. In all cases in which appellate jurisdiction is herein conferred upon said court of civil appeals, the appeals and appeals in the nature of writs of error from the lower court shall be taken directly to said court of civil appeals; and said court, or any judge

thereof, is hereby given the same power to award and issue writs of error, *certiorari* and *supersedeas,* which the supreme court has heretofore had in such cases, returnable to said court of civil appeals. The practice in such cases in said court shall be the same as is now prescribed by law for the supreme court. In all cases in which appellate jurisdiction is not conferred by the terms of this act upon said court of civil appeals, appeals therefrom shall be direct to the supreme court, and in such cases, writs of error, *certiorari,* and *supersedeas* shall be issued by and made returnable to the supreme court, as is now provided by law; and in such cases the supreme court shall have exclusive jurisdiction, and shall try and finally determine the same, and shall not, after this act takes effect, assign the same for trial by said court of civil appeals."

In the case of *Burns* v. *City of Nashville,* 5 Thomp. (132 Tenn.), 435, 178 S. W., 1053, it was held that chapter 82 of the acts of 1907, creating the court of civil appeals, confers upon that court appellate jurisdiction of all civil cases coming up from the law and equity courts of this State with certain exceptions, naming them; that is to say, the act gives the court of civil appeals immediate supervision of all civil litigation in the lower courts, unless such litigation is of the particular kind excepted by the act. In that case the court quoted from Sutherland on Statutory Construction, section 328, which reads as follows:

"Where a general rule has been established by statute, with exceptions, the court will not curtail the former nor add to the latter by implication. Exceptions strengthen

the force of the general law, and enumerations weaken it as to things not expressed."

In that case, the court, applying the foregoing rule of construction, held that inasmuch as general jurisdiction of civil appeals lies in the court of civil appeals, and the jurisdiction of this court exists only in exceptional cases, this court cannot assert jurisdiction, unless the particular case falls clearly within one of the exceptions enumerated; that is to say, unless this court can plainly see that it has jurisdiction of a particular case we must conclude that the matter is one for the supervision of the court of civil appeals.

The court of civil appeals was of the opinion that its jurisdiction was confined under the act of 1907 alone to cases appealed from a "court of equity or chancery court," and to all civil cases tried in the circuit and common-law courts of the State, and that the county court of Hawkins county not falling within any one of the designations prescribed by the statute, but being purely a statutory court with limited jurisdiction, appeals from that court are, by the terms of the statute, reserved to the supreme court.

It was held by this court in the cases of *Eason* v. *Gaines*, 127 Tenn., 662, 156 S. W., 1084, and *Shaller* v. *Garrett*, 127 Tenn., 665, 156 S. W., 1084, that appeals from the probate court of Shelby county lie to the court of civil appeals.

Neither is the probate court of Shelby county a court of general jurisdiction, but it is purely a statutory court

with more extended jurisdiction than that exercised by the ordinary county court it is true, but in the matters within its jurisdiction it proceeds according to the forms of courts of equity or the chancery court, and upon equitable principles no more than the ordinary county court does in the matters of which it has jurisdiction. The bar has uniformly, so far as we know, proceeded on the theory that the county court was a "court of equity" within the meaning of the act creating the court of civil appeals, and that court has heretofore, in many cases, proceeded upon such theory, and has taken jurisdiction of appeals from the county court. Among the cases of which the court of civil appeals has taken jurisdiction is the case of *Nelson* v. *Theus,* 5 Higgins, 87.

It results that the order of the court of civil appeals transferring the above cause to this court is reversed, and the cause is remanded to that court for a hearing.